MRS. LOUISE E. GEROW, ADMINISTRATRIX OF HERBERT W. GEROW,
DECEASED, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 21 June, 1924.)

1. **Verdict—Judgment — Commerce — Employer and Employee — Negligence—Statutes.**

   In an action to recover damages from a railroad company for the negligent killing of its employee in interstate commerce by reason of defective engine, appliances, etc., the finding by the jury for the plaintiff, interpreted with reference to the pleadings, evidence and instructions in this case, that the defendant's negligence proximately caused the death, is broader than the verdict upon the finding for the defendant, that it was not caused by a violation of the Federal statute enacted for the safety of such employees, and it was not error for the trial judge to render the judgment for damages for the plaintiff.

2. **Railroads—Employer and Employee—Negligence—Commerce—Federal Statutes—Evidence—Interstate Commerce Commission.**

   While the Federal statute applicable excludes from evidence the reports made by the inspector of boilers in the employ of the Interstate Commerce Commission, it does not prohibit the testimony of the inspector upon the trial of an action to recover of the railroad damages for the wrongful death of its employee in interstate commerce, when he is properly qualified and testifies to facts that have come within his personal observation, and which are otherwise competent.

3. **Railroads—Employer and Employee—Damages—Commerce—Federal Statutes—Appeal and Error—Instructions.**

   The damages recoverable for the wrongful death of a railroad company's employee engaged in interstate commerce is confined to the loss of the pecuniary benefits to the persons designated by the Federal statute reasonably to be expected from the continued life of the deceased; and it is reversible error for the trial judge to instruct the jury thereon in accordance with the measure of damages otherwise allowable in the State court, that it was the pecuniary net worth of the deceased to his family, based upon his earnings and expectancy of life, etc.

CIVIL ACTION to recover for death of intestate by the alleged killing by negligence of defendant engaged at the time in interstate commerce, heard before *Calvert, J.,* at November Term, 1923, of WAKE.

The intestate, an engineer in employment of defendant company, and engaged at the time in interstate commerce, was fatally injured and shortly thereafter died from an explosion of his engine near Youngsville, N. C., on 26 November, 1921, the negligence imputed being a defective engine and appliances, as well as defective tender and water tank and improper and inadequate water supply, etc. There was denial of liability by defendant company, plea of contributory negligence, assumption of risk, etc. On issues submitted, the jury rendered the following verdict:

1. Was the plaintiff's intestate, Herbert W. Gerow, injured and killed by the negligence of the defendant, as alleged in the complaint? Ans. Yes.

2. Did a violation of a Federal statute enacted for the safety of employees contribute to the injury and death of the plaintiff's intestate, Herbert W. Gerow? Ans. No.

3. Did the plaintiff's intestate, Herbert W. Gerow, by his own negligence, contribute to his injury and death, as alleged in the defendant's answer? Ans. Yes.

4. Did the plaintiff's intestate, Herbert W. Gerow, assume the risk of injury and death, as alleged in the defendant's answer? Ans. No.

5. What amount of damages, if any, is the plaintiff entitled to recover of the defendant? Ans. $25,000.

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*R. N. Simms, R. L. McMillan, and Douglass & Douglass for plaintiff.*
*Murray Allen for defendant.*

HOKE, C. J.  Defendant objects to the validity of the recovery had against it, first, because the verdict on the second issue having been found in the company's favor, the defendant is thereby exonerated or, in any event, there is such inconsistency in the verdict that no judgment thereon can be properly entered, but we do not so interpret the record.  It is the accepted principle with us that a verdict when ambiguous may at times be construed and allowed significance by reference to the pleadings, the evidence and the charge of the court, *Donnell v. Greensboro,* 164 N. C., 330, and so considered, a perusal of the record will disclose that the finding of the jury on the first issue is broader in its scope and meaning than their verdict on the second, and that there is not such a necessary repugnancy between the two as to vitiate the verdict.  Appellant excepts further and assigns for error the refusal of the court to allow defendant to examine and put before the jury the proposed testimony of R. M. Williams, a witness present and under subpœna, who was a boiler inspector in the service of the Interstate Commerce Commission and found to be an expert, and who, in the line of his duties, made a personal examination of the exploded engine and its condition within two or three days at most after the occurrence, on objection by plaintiff, the jury having been sent out, the witness answered the questions propounded, which answers tended, in part, to disclose that the explosion had been brought about because the water had been allowed to get too low in the boiler, and that the appliances provided to enable an engineer to discover this were appar-

ently in good working order, etc., the evidence being clearly relevant to the issues and making in favor of defendant. It is ordinarily true that a witness under subpœna present, having personal knowledge of pertinent facts, is competent and compellable to testify, and a litigant is entitled to the benefit of his evidence unless forbidden by constitutional provision or a valid statute or some recognized principle of public policy. The plaintiff does not question the general principle, as stated, but bases his objection on a Federal statute providing for an examination and report of such occurrences by the Interstate Commerce Commission itself, or its duly authorized agents, and also providing for certain other reports, etc. 36 Statutes at Large, 350; 8 Federal Statutes, Annotated (2 ed.), 1420. In section 4 of the statute it is also provided "That neither said report nor any report of said investigation, nor any part thereof, shall be admitted as evidence or used for any purpose in any suit or action for damages growing out of any matter mentioned in said report or investigation." It will be noted that this inhibitive section of the statute in its terms and purpose is restricted to the user of the report as evidence, and it does not seem to us that the inhibition in its effect or policy permits a construction forbidding an eye-witness, an expert and otherwise qualified, from giving evidence pertinent to the issues and as to facts coming under his personal observation. Such evidence was admitted without objection in *Virginia Railway Co. v. Andrews,* 118 Va., 482, and neither the reason nor policy of such a statute forbidding the use of such reports, which in any event would be rarely competent in a trial in court, would tend to exclude the testimony of an eye-witness speaking, as stated, under oath to relevant facts coming under his personal observation, and in our opinion the ruling should be held for reversible error. Again, on the question of damages, the court instructed the jury as follows: "Now, gentlemen, in considering this issue, you will first consider the pecuniary injury and damage, if any, suffered by the widow and children of the deceased. As to this matter, the measure of damages is the present value of the net pecuniary worth of the deceased, to be ascertained by deducting cost of his own living and expenditures from gross income, based upon his life expectancy.

"As a basis on which to enable the jury to make their estimate, you should consider the age of the deceased, his prospects in life, his character and his industry and skill, and the ability he had to make money, and the business in which he was employed, the end being to enable the jury to find the net income which might be reasonably expected in arriving at the present net pecuniary worth of the deceased to his family." In this instruction the court, in substance, and almost in terms, lays down the rule of assessing the damages as it prevails under

our State law—the present net pecuniary value of the deceased's life; but under the Federal statute, as construed by the established decisions interpreting the same and controlling on the facts of the record, the rule is different and is restricted to the pecuniary benefits to the designated persons to be reasonably expected from the continued life of the deceased. *Chesapeake and Ohio R. R. Co. v. Kelly, Admr.,* 241 U. S., 485; *Kansas City Southern R. R. Co. v. Leslie,* 238 U. S., 599; *Horton v. R. R.,* 175 N. C., 477; *Kenney v. R. R.,* 165 N. C., 99; *Irvin v. R. R.,* 164 N. C., 5; *Dooley v. R. R.,* 163 N. C., 454. Speaking to the distinction in *Horton's case, Associate Justice Walker* said: "Under our statutes the damages are based upon the present worth of the net pecuniary value of the life of the deceased. Under the United States statute the damages are based upon the pecuniary loss sustained by the beneficiary." In *Irvin's case, supra,* a very discriminating charge on the subject by the Superior Court judge, the Honorable C. M. Cook, is approved as an accurate and helpful statement of the law which controls as to this element of the damages assessable under the statute. It may be well to note that by an amendment to the Federal statute of April, 1910, 36 U. S. Statutes at Large, ch. 143, an additional recovery is allowed for the benefit of the widow, etc., for the conscious pain and suffering endured by the deceased from the time of the fatal injury to his death; but this, while it is to be sued for in the same action, is said to be an entirely different element of damages from the recovery allowed for the pecuniary loss, etc., suffered by the beneficiaries of the deceased. In *Great Northern Ry. Co. v. Trust Co.,* 242 U. S., 144-147, *Associate Justice McReynolds,* speaking to the two items of damage, quoting from 237 U. S., 655-658, said: "Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One for the wrong to the injured person, and is confined to his personal loss and suffering before he died; while the other is for the wrong to the beneficiaries, and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong." This matter is referred to only by way of precaution in applying some of our former decisions on the subject and is not of moment here, as the charge of his Honor recognized and dealt with the additional element of damages, but he committed prejudicial error in the rule of liability as to the loss suffered by the beneficiaries.

For the errors indicated, we are of opinion that there should be a new trial of the cause, and it is so ordered.

New trial.