The **BALTIMORE AND OHIO RAILROAD COMPANY**, Appellant,

v.

**James K. LYKINS**, Appellee.

No. 12055.

United States Court of Appeals Sixth Circuit.

Oct. 27, 1954.

Dwight B. Buss, Cleveland, Ohio (William F. Marsteller, Baker, Hostetler & Patterson, Cleveland, Ohio, on the brief), for appellant.

Carl J. Gugler, Galion, Ohio, for appellee.

Before SIMONS, Chief Judge, and ALLEN and STEWART, Circuit Judges.

PER CURIAM.

This appeal arises from an action for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., the sole litigated issue in which was as to the amount of damages. The case was tried to a jury and resulted in a judgment of $40,000 for appellee.

During the course of the trial, a Dr. Kackley was called by appellee, appellee

having previously testified that Dr. Kackley had examined him with respect to his injuries. Dr. Kackley testified that he had met the appellee, that he thought he had examined appellee, and that he had made a report concerning appellee to the Railroad Retirement Board. There his recollection ended.

Dr. Kackley was shown a photostatic copy of a writing identified by him as in his own handwriting and over his signature, which was dated "Nov. 16–51" and read: "In my opinion James K. Lykins [appellee herein] will never be able to work again [signed] Dr. E. D. Kackley." Dr. Kackley testified, in substance, that he had no independent recollection of the matter set forth in the above writing, but that he must have expressed such an opinion "if it is written there."

The writing itself was not admitted in evidence, but counsel for appellee read it to the jury. Answers to interrogatories filed after the trial showed that the original of the writing had been given by Dr. Kackley to appellee and that appellee, after making a photostatic copy of it, had mailed it to the Railroad Retirement Board.

Appellant's contention is that the writing was rendered the equivalent of a "state secret" under 45 U.S.C.A. § 362 (n) and that therefore its being read to the jury was error. That section of the Code provides for the furnishing of medical information to the Railroad Retirement Board and further provides, with an exception not relevant here, that "such information shall not be disclosed *by the Board.*"

We think it a complete answer to appellant's contention that there was here no disclosure of information by the Board. Instead, the disclosure was made by the person who had furnished the information to the Board, and this the statute does not prohibit. Cf. Hines v. Kelley, Tex.Com.App., 252 S.W. 1033, 1037; Gerow v. Seaboard Air Line R. Co., 188 N.C. 76, 123 S.E. 473.

No other grounds appear for concluding that the writing in question should have been withheld from the jury's consideration. Cf. 3 Wigmore on Evidence (3d Ed. 1940), §§ 734, 737, 744–747; Korte v. New York, N. H. & H. R. Co., 2 Cir., 191 F.2d 86, 90; Baltimore & Ohio R. Co. v. O'Neill, 6 Cir., 211 F.2d 190, 195.

The judgment is accordingly affirmed.