## CITY OF BRADFORD v. THOMAS DOWNS.

ERROR TO THE COURT OF COMMON PLEAS OF McKEAN COUNTY.

Argued May 7, 1889—Decided May 27, 1889.

1. In an action by a father to recover for personal injuries to a minor son, the narr set out that the injuries were incurable and permanent, averring damages for loss of services, medical and other expenses. It was not error to allow the plaintiff to file an amended narr alleging that the child died in consequence of said injuries, the damages averred being the same as in the original narr.

2. In such action, the son having died, declarations made by him some time after the accident as to how he had received his injuries, not being part of the res gestæ, were inadmissible to defeat the rights of the father, which were independent of the injuries to the son and unaffected by anything the son could say.

(a) A child under 8 years of age fell through a hole in a platform erected by an abutting owner on the side of a highway ordained a city street about ten weeks before. In the father's action against the city for the injuries received, the plaintiff testified that at the time of the accident he knew that the platform was in bad condition and saw the child upon it just before he fell into the hole.

3. Under all the evidence, it was proper to submit to the jury the question whether the city had notice of the defect causing the injury, and to charge that contributory negligence could not be attributed to the child, and that the fact that the child did not receive proper care and treatment, if true as alleged, would not entirely defeat recovery, but might reduce the amount of damages.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 24 July Term 1888, Sup. Ct.; court below, No. 245 February Term 1885, C. P.

On February 2, 1885, Thomas Downs brought an action in case against the city of Bradford, and on October 12, 1886, filed a narr setting out in substance that William J. Downs, his minor son, while passing over a sidewalk in the said city, by reason of defects therein, wrongfully and negligently permitted by the defendant, had stumbled and fallen, etc., "by means whereof the said William J. Downs was greatly bruised, hurt and injured, and had the knee cap of his left leg crushed, bruised, fractured and broken, and in consequence of the grievances aforesaid the said William J. Downs suffered great pain, injury and inconvenience, and received an incurable and permanent injury, and the said plaintiff thereby lost the services of the said William J. Downs, his said minor son, and was put to great expense about the care and cure of the said William J. Downs, and for medical and surgical attendance, and for nursing and support of him: Wherefore," etc.

On December 15, 1887, the plaintiff, with leave of court, filed an amended narr which averred the same facts as the original, but concluded as follows: "by means whereof the said William J. Downs was greatly bruised, hurt and injured, and the knee cap and muscles of his left leg crushed, bruised, strained, fractured and broken, and in consequence of said injury suffered great pain and inconvenience for three years or more, and then in consequence of said injury died, and the said plaintiff thereby lost the service of the said William J. Downs, and was put to great expense about the care and attempted cure, and for medical and surgical attendance, and for the nursing and support and funeral expenses of him the said William J. Downs. Wherefore," etc.

At the trial on January 26, 1888, the defendant moved to strike off the amended declaration filed in the case, whereupon the court, MORRISON, J., made the following order: "And now, January 26, 1888, the court sustains the defendant's motion so far as to strike out of the amended declaration all averments as to funeral expenses, and discharges the rule to strike off the amended declaration subject to this qualification." Exception.[1]

The facts appearing in evidence were substantially as follows:

On September 3, 1881, William J. Downs, aged between 7 and 8 years, the son of the plaintiff, fell through a hole in a platform erected by the owner of a store building on the west side of Mechanic street, in the city of Bradford.   Mechanic street had been ordained as a street, June 27, 1881.   A side-walk had been built on the opposite side of the street prior to the accident, but on the west side of the street there was no other sidewalk than said platform, which was in a bad condi-tion.   The plaintiff admitted that he knew the platform was in a bad condition, and it did not appear that he had informed his son or forbidden his playing on or about the platform.   The plaintiff also testified that at the time of the accident he was on the opposite side of Mechanic street, about 50 or 55 feet from his son ; that he saw him go along on the platform and probably he went 4 or 5 feet after he saw him, before he fell. The fact of the injury and the nature thereof was proved, and that the child died on March 14, 1885, from the effects, as the plaintiff claimed and introduced testimony to show, of the in-jury.   The defendant introduced testimony to show that with proper care and treatment the child would have recovered.

The defendant called Mrs. Jane Herrmann, and made the following offer :

The plaintiff having testified that he saw his son, at the time the injury was received, and how the injury was received, counsel for the defendant now offer to prove by the witness on the stand, in reply to that testimony, that the boy in his life-time stated to the witness, in reply to a question by her as to how he received the injury to his knee, at a time when he was bathing, that the boy said in reply that he fell off from some boards and hit a spike with his knee.   This in answer to the plaintiff and for the purpose of showing by the declaration of the party receiving the injury, on account of which a recovery is sought to be had in this case, how the injury occurred.

Objected to, as incompetent and irrelevant.

By the court : Objection sustained ; exception.[2]

The court, MORRISON, J., charged the jury, in part, as fol-lows :

We have been asked by counsel for the defendant to answer certain points to you in writing, which we will now proceed to do.

Charge of Court below.

The court is requested to charge the jury:

1. The uncontradicted evidence in the case showing that the defendant, prior to the accident, had never built or caused to be built a sidewalk over that portion of the street where the injury is alleged to have occurred, and the plaintiff having failed to show actual notice to the defendant of any dangerous obstruction in said street, or the existence of any such obstruction for so long a time as would imply notice of the same to the defendant, the plaintiff cannot recover in this action, and your verdict must be for the defendant.

Answer: We refuse this point. The question of whether there was a dangerous place in the street for sufficient length of time to visit the defendant with constructive notice, is for the jury. Now you will bear in mind that the defendant cannot be held liable in this case, without notice of the dangerous place in the street, if it was in the public street, either actual or constructive. You understand readily what actual notice is. If any of the proper officials of the city had actual notice, then the city had notice. If this place was within the bounds of the street which had been adopted by the city, and over which they were exercising control, and there was a dangerous place there so long that they ought to have known it, by the care and diligence of the officers, that would be constructive notice. Hence we refuse this point, and leave it for you to say whether there was a dangerous place there, and whether it was within a street, and whether it had been there so long that the city ought to have known it. We think there is no evidence of actual notice here, that we recollect, but that is for you, of a dangerous place at this point.[3]

2. The city of Bradford, defendant, having provided a sidewalk of sufficient capacity to accommodate the travel along Mechanic street, upon the east side of the street, which was the ordinary traveled side thereof, they were not compelled to construct a sidewalk upon the other side of said street, and the defendant is not liable for any injury sustained by the minor son of the plaintiff while running across a platform erected by private individuals on the west side of the street, although the platform did project for eighteen inches or two feet thereof into what would be the outside line of the street as established by ordinance, and your verdict should be for the defendant.

Charge of Court below.

Answer: We affirm this point, if the jury find that no dangerous place existed within this street, as alleged by the plaintiff, or, if it did exist, that the defendant had no notice of the same.[4]

4. If the jury believe that the child alleged to have been injured was a bright, intelligent child, and knew or had the means of knowing of the alleged defect or obstruction in the street where the accident happened, and yet did not take such precaution to avoid the same as a reasonable person of his age would, then he was guilty of contributory negligence and there can be no recovery in this case, and your verdict should be for the defendant.

Answer: Refused. We do not think contributory negligence can be imputed to this child, under the evidence in this case. He was not a trespasser at the time.[5]

5. If the jury believe from the evidence that the plaintiff saw his child, alleged to have been injured, going toward a dangerous part of the street, and at the time knew of the unsafe condition of said street and did not check said child or make any effort so to do, then he is guilty of contributory negligence and your verdict should be for the defendant.

Answer: Affirmed.

8. If the jury believe the child alleged to have been injured did not have such care, attention and medical treatment as a prudent person would bestow upon a child so injured, then the plaintiff is guilty of negligence and your verdict must be for the defendant.

Answer: Answered in the negative. The facts assumed in this point will not entirely defeat a recovery, but may properly reduce the amount thereof. This is for the jury to determine.[6]

The first important point, as we view it, for you to determine, is, was this a street of Bradford, a public street, and was there a dangerous obstruction in it? [As we view the evidence there was not a sidewalk constructed and managed there by the defendant; but, if there was a dangerous place in this platform, or whether it was by the Cross building where the accident is alleged to have occurred, that had existed there so long after the city had adopted this street and taken charge of it that they ought to have known it, then it was the duty of the city to have removed it or to have fixed it so that

Charge of Court below.

it would be safe. So that it is not material whether it was a sidewalk or not, under the evidence in this case, if it was an obstruction or a dangerous place in the street, and had existed so long that the city ought to have known it, if they had been looking about and using care ; then the city would be liable whether in fact the corporate officers knew of this place or not.] [8] Hence you see it becomes important for you to determine whether this was within the line of the street, and whether a dangerous place existed there, and whether the boy received the injury there in the manner described, and you should consider all the evidence on this point, and determine whether that was the injury that caused the trouble with the boy's knee, and which caused all this nursing and expense and injury to the boy.

The ordinance was adopted in June, 1881, and there doesn't seem to be any question, as we recollect the evidence, but that is for you, that the city had charge of that street from that on, and there is some evidence that we admitted, under objection, that they had performed some work on the street before that. We hardly think that there is enough evidence to warrant the jury in finding that that was a public street without the ordinance, prior to the adoption of the ordinance, but the ordinance was adopted, and [it seems to be uncontradicted, as we recollect the evidence, that they took charge of this street in June, 1881, and the accident did not happen till the September following. Would not this be time enough in a place like the city of Bradford for the city officers, if they had been doing their duty. to have discovered the dangerous place, if there was one there. and remedied it ? Had they constructive notice ; did a dangerous place exist there so long that it was their business to know it ? If it did, you treat it as though they did know it and had actual notice.] [9]

[Now in this connection you will take into consideration the knowledge that this plaintiff had of this, because, as we have already intimated, if the plaintiff knew of this dangerous place, if it did exist there,] [10] and knew that his minor child was playing and running over there and did not restrain or attempt to restrain him, he cannot recover in this action for the injury to his child which was caused in part by his neglect to do his duty. The principle is that a man cannot recover where injury is caused by his own wrong or neglect. even in part.

[Now we recall to your attention the evidence of Mr. Downs upon the point of how the child was injured. He says that he saw him walking very fast.] [11] There was some attempt to show that he testified at another time that he was running; that he got on this platform and went through a hole six inches wide and eighteen inches or two feet long, and that his mother picked him up, and you have her testimony also. [Now did Mr. Downs know there was a dangerous place in that walk? Did he know as much about it as the city officers knew or ought to have known? If he did, and there was a place there that was dangerous and he knew it, and he did not restrain his infant child of tender years—so young that we have instructed you that you should not impute negligence to the child—if he did not restrain him or keep him away from there, or attempt to, then we say under the law that he is guilty of contributory negligence, but if he did not know it was dangerous the law would be otherwise. We submit that question to you.] [12]

\*    \*    \*    \*    \*    \*    \*    \*

The jury returned a verdict in favor of the plaintiff for $1,342. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendant took this writ, assigning as error:

1. The refusal of the defendant's motion.[1]
2. The refusal of the defendant's offer.[2]
3-6. The answers to the defendant's points.[3 to 6]
8-12. The portions of the charge included in [ ] [8 to 12]

*Mr. G. L. Roberts* and *Mr. M. F. Elliott* (with them *Mr. D. H. Jack,* City Solicitor), for the plaintiff in error.

*Mr. J. M. Mullin* (with him *Mr. McClure*), for the defendant in error.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was an action on the case brought in the court below against the city of Bradford to recover damages for an injury to the plaintiff's son, a lad of about seven years of age, caused by his stepping into a hole in the plank sidewalk of said city. The injury appears not to have been considered very serious at

the time ; at least, no complaint was made to the city authorities until the commencement of this suit.   The injury occurred on September 3, 1881 ; the suit was not commenced until February 2, 1885.   The injury which the boy sustained resulted in his death about four years thereafter.   This fact was alleged by the plaintiff and has been found by the jury.   Under such circumstances the case has not much to commend it.   The delay of about four years in giving notice of the accident, or making any claim therefor, certainly placed the city at a great disadvantage, and left the municipality practically at the mercy of the plaintiff, whose claim rests upon his own testimony and that of his wife.   Our duty, however, is to dispose of the case as we find it, and revise the rulings of the court below upon the law.

While the specifications of error are numerous, there are but few which require comment.

We cannot say the court erred in not striking off the amended declaration.   The first declaration contained two counts, in each of which damages are claimed for the loss of the boy's services by reason of his injury.   In the amended declaration, damages are claimed for the loss of his services occasioned by his death.   This would seem to enlarge the cause of action somewhat, yet it is more seeming than real, as the first narr alleged the injuries to be permanent, involving a total loss of services.   We cannot say that the amendment of the narr was not allowable.

There is no merit in the second specification, which alleges error in excluding the boy's declarations, made some time after the accident.   They were not part of the res gestæ ; and, as the action was by the father for the loss of services, we do not see how his rights can be affected by the declarations of the son.   It is true the plaintiff claims by reason of the injury to the boy, but his legal rights are independent of that fact, and cannot be defeated by anything the son can say or do.   This specification is not sustained.

The only other specification we consider it necessary to refer to is the sixth, which alleges error in the answer to the defendant's eighth point.   The point could not have been affirmed as it would have withdrawn the case from the jury.   This could not have been properly done.   The defendant might have been

entitled to a more specific instruction had it been asked for. The point was as follows : " If the jury believe the child alleged to have been injured did not have such care, attention and medical treatment as a prudent person would bestow upon a child so injured, then the plaintiff is guilty of negligence, and your verdict must be for the defendant." As the case stood under the pleadings the learned judge would have been justified in refusing this point.   The lack of proper treatment would have been no answer to the claim for the original injury, however it might have been as to the count claiming damages for the death of the boy.   Hence it was not error in the learned judge to say in answer to the point : " Answered in the negative.   The facts assumed in this point will not entirely defeat a recovery, but may properly reduce the amount thereof ; this is for the jury to determine."   Had the defendant desired an instruction bearing only upon the amended count in the declaration, the point should have been differently framed.   As presented to the court we see no error in the answer of the learned judge.

Judgment affirmed.