Haynes v. Walker.

HAYNES *et al. v.* WALKER *et al.*

(*Knoxville.* September Term, 1903.)

1. **DAMAGES.** For death by wrongful act do not pass by will of deceased, but distributed by statute.

Although the right of action for wrongful killing is the right of the deceased, yet the recovery on such action is given by statute (Shannon's Code, sections 4025 to 4028) to the widow, or, if there be no widow, to the children or personal representatives, for the benefit of the widow or next of kin, free from the claims of creditors, and can not pass under the will of the deceased as an asset of his estate, but must be distributed under and according to the provisions of said statute construed in connection with the statutes in relation to the distribution of personal property.

Code cited and construed: Secs. 4025, 4026, 4027, 4028, 4172 (S.); 3130, 3131, 3132, 3133, 3278 (M. & V.); 2291, 2292, 2293, 2429 (T. & S. and 1858).

Cases cited: Whaley v. Catlett, 103 Tenn., 348; Freeman v. Railroad, 101 Tenn., 345; Loague v. Railroad, 91 Tenn., 461; Railroad v. Bean, 94 Tenn., 388.

2. **SAME.** Distributed among children equally, descendants of deceased child taking parent's share, when.

Under the statute providing for the distribution of personal property among the children of an intestate where there is no widow, the damages recoverable for the negligent killing of the mother, the father being dead, go to her children in equal parts, and children of a deceased child take the share that the parent would have been entitled to if alive.

Code cited and construed: Section 4172, sub-sec. 3 (S.); 3278, sub-sec. 3 (M. & V.); 2429, sub-sec. 3 (T. & S. and 1858).

Haynes v. Walker.

FROM KNOX.

Appeal from the Chancery Court of Knox County.—
JOSEPH W. SNEED, Chancellor.

PICKLE & TURNER and DEARMOND & FORD, for
Haynes *et al.*

T. A. R. NELSON, for Walker *et al.*

MR. JUSTICE WILKES delivered the opinion of the
Court.

Defendant, as the administrator of Caroline B. Wal-
ker, recovered a judgment against the Knoxville Trac-
tion Company for $2,000 for the negligent killing of
said Caroline B. Walker.   The defendant, Jas. W. Wal-
ker, is the only child of the deceased, and the complain-
ants are the children of a deceased daughter, Lucie A.
Haynes.   The defendant, Jas. W. Walker, as the only
child of the deceased, claims a right to this fund to the
exclusion of the complainants, the children of the de-
ceased daughter.

The chancellor was of the opinion that the complain-
ants, as the children of the deceased daughter, were en-
titled to one half of the fund, and that the other half
went to the defendant Jas. W. Walker.   The court of
chancery appeals concurred in this view.

In the suit which was brought to recover the judgment against the traction company it was stated in the declaration that the deceased left the one son and the four children of the deceased daughter as her distributees, and that they were the beneficiaries in the recovery, and that the suit was brought for their use and benefit, and a judgment was rendered accordingly.

It appears that the deceased left a will, in which she gave all her estate, real, personal, and mixed, absolutely and without condition to the son; and he claims the fund both under this will and under the statutes of the state.

The court of chancery appeals based their holding upon the ground that the judgment was recovered for the benefit of all the parties, and not solely for the son; and this they held to be conclusive as to the rights of the parties to the fund as between themselves. That court expressed the opinion that the fund did not pass under the will, but under the statutes of the state.

In the case of *Whaley* v. *Catlett,* 103 Tenn., 348-355, 53 S. W., 131, it is held that the right of action for the negligent killing of a party is the right of the deceased, and not of the party entitled to the damages, as separate from and independent of the right of the deceased.

Still it is a right of action which is created by the statute, and depends alone upon it for its existence, and does not exist at common law. At common law all personal actions for wrongs or injuries died with or abated by the death of the party injured, and no right of action

Haynes v. Walker.

survived or arose in favor of the widow or children or next of kin. They can therefore take only under, and according to the provisions of, the statute. *Whaley* v. *Catlett,* 103 Tenn., 352, 53 S. W., 131, and authorities there cited.

The statutes creating this right of action and prescribing who shall be entitled to the benefit of the same are sections 4025 to 4028, inclusive, Shannon's Code.

It has been held by this court in *Freeman* v. *Railroad,* 107 Tenn., 345, 64 S. W., 1, that these sections must be read and construed in connection with and in the light of the statutes relating to the distribution of personal property; being sections 4172 and 4173 of Shannon's Compilation. A recovery upon such right of action, when realized, becomes personal property, and follows the usual course of distribution of personalty. *Loague* v. *Railroad,* 91 Tenn., 461, 19 S. W., 430; *Railroad* v. *Bean,* 94 Tenn., 388, 29 S. W., 370.

The parties who are entitled to take under the statutes of distribution are, in the contemplation of the other statutes referred to, the next of kin, and entitled to take the recovery according to the statutes relating to the distribution of personal estates.

This cause of action is not only created by the statute, and dependent alone upon it, but the statute also provides how the proceeds of any recovery upon any such cause of action shall be distributed, and who shall be entitled thereto. It is in no sense an asset of the estate of the deceased, and does not and cannot pass by

the will of the deceased, but only under the provisions of the statute, and as the personal property of an intestate, according to the provisions of section 4172 of Shannon's Compilation.

Under this section the children of the deceased child take equally with the living children; that is, they take the share that the parent would have taken if alive.

Such a fund does not occupy the same status as the proceeds of a life insurance policy payable to the assured, and which he may dispose of while he lives; but it passes by operation of the statutes, and according to their provisions.

We are of opinion, therefore, the court of chancery appeals is correct in its holding upon both features of the case, and that the children of the deceased daughter, Lucie A. Haynes, takes equally with the son, James W. Walker. The judgment rendered by the court of chancery appeals by a clerical error refers to the recovery as $200, when it should be $2,000. The judgment of this court will be that the complainants have and recover of the defendant one-half of the said $2,000 judgment, together with the costs of the cause in the chancery court, and of the defendant and the sureties upon his appeal bond all the costs of the appeal.

The judgment to be subject to reasonable attorney's fees for recovery of the judgment against the traction company.