IN RE CAREY W. STONE, GUARDIAN OF THOMÁS STONE.

(Filed 28 March, 1917.)

**1. Master and Servant—Federal Employers' Liability Act—Negligent Death—Beneficiaries—Distribution—Statutes.**

The Federal Employers' Liability Act creates three classes, separate and distinct from each other, who may recover damages for the negligent death of an employee, the existence of one to be benefited in any preceding class excluding those in next class following, etc., and the first such class being the surviving widow and the child or children of such employee, and the act not providing for the method of distribution, it is governed by the State statute, and when there is only a widow and one child, the former receives one-third and the latter two-thirds of the amount.

*In re* STONE.

**2. Master and Servant—Federal Employers' Liability Act—"Dependents"—Enlarged Recovery—Appeal and Error—Objections and Exceptions.**

When under the Federal Employers' Liability Act a recovery in the third class is enlarged by erroneously including those not "dependents," exceptions thereto should be aptly and duly taken upon the trial; but where the amount of the recovery has been admitted, as by compromise in this case, the question of the method of its distribution in the first and second class depends upon the State statute of distribution.

**3. Master and Servant—Federal Employers' Liability Act—Distribution—Courts—Questions of Law—Trials.**

Under our statute, the method of distribution of a recovery under the Federal Employers' Liability Act among the widow and children of the deceased employee is one of law, not requiring the intervention of the jury.

APPEAL by respondent guardian from *Bond, J.,* at October Term, 1916, of WAKE.

This proceeding was begun before the clerk, whose decision was affirmed in the Superior Court upon appeal.

It is admitted that the deceased was killed while employed by the Seaboard Air Line Railway Company in interstate commerce, and left a widow 31 years old and one son 11 years old, and that the net amount received by her as administratrix of her husband after payment of attorney's fees was $9,750, and that they are both dependent and are the sole beneficiaries. It is agreed that property owned by either, if any, shall not be considered in passing on this question; that both are in good health; that the boy lives with his mother and that their relations to each other are such as usually prevail between mother and minor son. It is admitted that the money received was paid by compromise to the administrator without action and that the decedent had taken care of his wife and child. Upon these facts counsel for the widow moved the court to submit to the jury issues as to the relative rights of herself and her child in the fund or to refer it to a referee to ascertain the amount due each. The court refused to do this, and affirmed the order of the clerk to divide the fund in accordance with our statute of distributions, allotting to the widow one-third and the child two-thirds, and directed that the widow should give an administration bond in the sum of $13,000, being double the amount of the $6,500 allotted to the child. From such judgment she excepted and appealed.

*Moses N. Amiss and Winston & Biggs for infant.*
*Douglass & Douglass for appellant.*

CLARK, C. J. The net sum received by the administratrix under the compromise and settlement with the railroad company stands on the

same basis as if it had been recovered by action. The sole question presented, therefore, is whether the compensation for wrongful death of an employee while engaged in interstate commerce already ascertained and determined is, on the facts of this case, to be apportioned according to our statute of distribution.

The Federal Employers' Liability Act provides that the action shall be brought by the personal representative of the deceased employee "for the benefit—

"(1) Of the surviving widow, or husband and children of such employee; and if none, then

"(2) Of such employee's parents; and if none, then

"(3) Of the next of kin dependent upon said employee."

The Federal statute, therefore, creates three classes, which are separate and distinct from the other. If there is any member of the first class, the other two are excluded. If there is none of the first class, but one or more of the second, then the third class will be excluded. If any member of the last class does not come under the provision, "dependent upon such employee," (*Allen, J., Dooley v. R. R.,* 163 N. C., 454), then such person is excluded from that class, and if such exclusion should apply to the whole of that class, then there can be no recovery. If the recovery by "next of kin" should be enlarged by the wrongful inclusion of one not "dependent," that question must be raised at the trial by proper exceptions. *R. R. v. Zachary,* 232 U. S., 248.

The Federal Employers' Liability Act declares *who* shall take in case of wrongful death, but leaves it as a matter of law how much and what proportion each shall take in its class, except when the State act requires that the appropriation must be made in the verdict, as in *McGinnis v. R. R.,* 228 U. S., 173, under the Texas act. The Federal statute makes no provision for the apportionment of the fund, and, therefore, the State statute controls. The source of the recovery is the United States statute, and that indicates only the different classes of the beneficiaries and the manner of ascertaining the amount due. But when the amount and class are ascertained, the sum paid or recovered must be distributed in that class according to the requirement of the State law. In this case, there being a widow and a child, the amount is to be divided between them according to our statute, two-thirds to the child and one-third to the widow. That matter is regulated by the State statute of distribution. *R. R. v. White,* 238 U. S., 507.

It is true, as contended by the appellant's brief, that the classification of beneficiaries under the Federal act must govern when it differs from the State act, but within the class entitled the Federal act applies only so far as to restrict recovery in the third class to those who suffer some pecuniary loss, while under the State statute this is not so. When, as

here, the parties are in the same class, there being no conflict between the State and Federal statute, the latter is silent and the State statute controls the distribution.

In *Broadnax v. Broadnax,* 160 N. C., 432, the Court held that the amount of recovery for wrongful death must under Revisal, secs. 59, 60, "be disposed of as provided for the distribution of personal property in case of intestacy, and that it cannot be applied either in payment of debts nor can any part thereof be allotted to the widow on her year's support," and to the same purport, *Neill v. Wilson,* 146 N. C., 242; but this does not exempt the share of the distributee from being liable to his creditors.

In *Hartness v. Pharr,* 133 N. C., 566, it was held that where a person domiciled in another State is killed in this State, and his administrator sues here, the funds recovered must be distributed according to our statute, although prior administration had been taken out in the State of his domicile, citing *Dennick v. R. R.,* 103 U. S., 11; *McDonald v. McDonald* (Ky.), 49 Am. St., 289; *Nelson v. R. R.,* 88 Va., 971; *s. c.* 15 L. R. A., 583; *Morris v. R. R.,* 65 Iowa, 727, and other cases. The reason is that the fund having been recovered in our jurisdiction, and not being assets for payment of debts, must be distributed according to our statute in such cases.

In *Kenney v. R. R.,* 167 N. C., 14, it was held that the meaning of the words "next of kin" in the Federal Employers' Liability Act is dependent upon the State law regulating inheritances. This was affirmed on writ of error, *R. R. v. Kenney,* 240 U. S., 489, citing *Blagge v. Blach,* 162 U. S. (at p. 464), that Congress intended that the "next of kin" should be determined "according to the statutes of distribution of the respective States of the domicile of the original sufferers." Holding, further, that whether the next of kin occupied a dependent relation which would have entitled them to recover was foreclosed by the finding of the jury, as it is in this case by the adjustment of the amount by the parties in lieu of a verdict.

In regard to the cases relied on by the appellants, *McGinnis v. R. R.,* 228 U. S., 173, presented a question whether, the recovery being limited to dependent relatives, a surviving child who was not dependent upon the decedent could recover anything. That is not the case here, where the amount is determined and the only question is as to the apportionment between the child and dependent widow. The same question as to making an allowance in the verdict arises in *R. R. v. Holbrook,* 235 U. S., 629.

In *R. R. v. White,* 238 U. S., 508, it was held that the omission from the Federal statute of the apportionment required by Lord Campbell's Act (and in only a few of the American States) indicated "The intention of Congress to follow the practice in most of the American States of

not requiring such apportionment, and that where it was alleged that next of kin not dependent, and, therefore, not entitled to recover, were included, and had thus swelled the amount of the recovery, the question of their exclusion, or, rather, wrongful inclusion, should be raised in an appropriate manner under the practice of the court in which the trial was had," citing *R. R. v. Zachary,* 232 U. S., 248. No question of that kind (which could concern the railroad company only) arises here, as the amount was settled by compromise, and both the widow and her son are entitled to recover in the first class.

In *Taylor v. Taylor,* 232 U. S., 363, it was held that the State statutes could not defeat the right of the widow, though childless, from recovery, because she is expressly embraced in the preferred class under the Federal statute.

In *R. R. v. Leslie,* 238 U. S., 599, it was held that a recovery under the Federal statute would not be reversed on writ of error because the jury was not required to specify in its verdict the amount awarded on account of each distinct liability, where such verdict is in accordance with local practice. It was otherwise in the *McGinnis case, supra,* for in Texas it was held that the failure of the jury to apportion the damages assessed was error. Tiffany on Death by Wrongful Act, sec. 89.

It is well settled that the amount allotted to each party entitled is of no concern to the defendant unless such allotment increased the amount of the total recovery. In this case, the amount being settled by agreement, the defendant is not concerned, and the sole question is as to the distribution, which must be determined by the State statute of distributions. In apportionment States—Maryland, Texas, and Virginia, which substantially follow Lord Campbell's Act—the recovery should be apportioned by the jury or other appropriate tribunal. But in nonapportionment States, like North Carolina and probably all the other States not above named, while such fund must be distributed among the beneficiaries designated by the Federal statute, yet the amount going to each distributee (if belonging to the class entitled to recover and dependent) must be disbursed according to our statute of distributions.

Upon the facts in this case the judgment was entirely correct, and must be

Affirmed.

WALKER, J., and ALLEN, J., dissent.