IN THE MATTER OF: MRS. E. T. BADGETT, ADMINISTRATRIX OF THE ESTATE
OF ELMER THOMAS BADGETT, DECEASED.

(Filed 31 January, 1946.)

**Descent and Distribution § 1: Master and Servant § 30b: Death § 9—**

A railroad company settled a claim for wrongful death of an employee
engaged in interstate commerce. The funds were paid to his adminis-
tratrix. *Held:* The funds have the same status as though they had been
recovered under the Federal Employer's Liability Act *in solido* without
apportionment of the award by a jury, and therefore the funds should be
distributed according to our statute of distribution and not apportioned
among the beneficiaries of the deceased according to the pecuniary loss
each sustained.

APPEAL by the administratrix from *Nettles, J.,* at September Term,
1945, of FORSYTH.

Special proceedings to require Mrs. E. T. Badgett, administratrix of
the estate of Elmer Thomas Badgett, deceased, to distribute certain funds
in her hands, according to the North Carolina laws of intestacy.

The deceased, a resident of Forsyth County, was killed on 2 March,
1944, by a train of the Southern Railway Company, while in the per-
formance of his duties as an employee and while employer and employee
were engaged in interstate commerce, within the meaning and intent of
the Federal Employers' Liability Act. He died intestate, and his widow,
Mrs. E. T. Badgett, qualified as administratrix of his estate on 11 Octo-
ber, 1944. She employed Bernard M. Savage, of Baltimore, Maryland,
as attorney, to handle the claim for wrongful death. No suit was ever
filed and the Southern Railway Company settled the claim for $15,000.00,
took a release from Mrs. E. T. Badgett, as administratrix of the estate
of Elmer Thomas Badgett, and issued its draft in that amount to Mrs.
E. T. Badgett, administratrix of the estate of Elmer Thomas Badgett,
deceased, and Bernard M. Savage, attorney. The draft was duly paid,
and the proceeds, less attorney's fees, were paid over to the administra-
trix. The deceased left surviving him his wife, Mrs. E. T. Badgett, an
eight-year-old daughter, Brenda Gray Badgett, who were dependent
upon him for support and maintenance at the time of his death, and
Hilda Louise Badgett Bray, a daughter by a former marriage, about 20
years of age, who neither resided with nor was dependent upon deceased
at the time of his death.

In March, 1945, Hilda Louise Badgett Bray, through her next friend,
John W. Badgett, filed a petition with the clerk of the Superior Court
of Forsyth County, requesting that the administratrix be required to
distribute the proceeds received in settlement of the aforementioned

claim for wrongful death, as provided under the laws of intestacy of the State of North Carolina. Upon a hearing, after notice, the clerk entered an order directing the administratrix to distribute the net proceeds derived from the settlement of the claim for the wrongful death of Elmer Thomas Badgett, one-third each to the widow and two daughters of the deceased. The administratrix appealed to the Superior Court and, upon appeal, his Honor, Zeb V. Nettles, judge presiding at the September Term, 1945, of Superior Court of Forsyth County, affirmed the order of the clerk of said court. The administratrix appealed from this ruling to the Supreme Court, assigning error.

*Archie Elledge, Fred S. Hutchins, and H. Bryce Parker for petitioner, appellee.*

*James B. Lovelace for respondent, appellant.*

DENNY, J. The sole question to be determined is whether the net proceeds received for the wrongful death of Elmer Thomas Badgett, while engaged in interstate commerce, shall be apportioned according to our statute of distribution. The answer must be in the affirmative. *In re Stone,* 173 N. C., 208, 97 S. E., 216.

The appellant contends that since the recovery was based upon the provisions of the Federal Employers' Liability Act, the proceeds must be apportioned among the beneficiaries of the deceased according to the pecuniary loss each has sustained. We think the overwhelming weight of authority is to the effect that in an action for wrongful death under this Act, the jury may apportion the award as contended by the appellant and that a recovery under the Act, by way of compromise, may be apportioned in a similar manner where the court supervises and approves the compromise. But, where the settlement is made in the discretion of the personal representative without the advice or approval of the court, we think the award must be distributed under the provisions of our statute of distribution.

The funds now in the hands of the administratrix have the same status such funds would have if they had been recovered in an action under the Federal Employers' Liability Act and the jury had awarded damages *in solido.*

This Court has repeatedly approved the apportionment of awards by the jury in actions brought for wrongful death under this Act. *Horton v. R. R.,* 175 N. C., 472, 95 S. E., 883; *Strunks v. Payne,* 184 N. C., 582, 114 S. E., 840; *Gerow v. R. R.,* 189 N. C., 813, 123 S. E., 473; *Wimberly v. R. R.,* 190 N. C., 444, 130 S. E., 116; *McGraw v. R. R.,* 209 N. C., 432, 184 S. E., 31. Nevertheless, there appears to be no

federal authority which requires such apportionment. The appellant contends otherwise and relies upon *Horton v. R. R., supra; Wilson v. Massagee,* 224 N. C., 705, 32 S. E. (2d), 335; and *Gulf C. & S. F. Ry. Co. v. McGinnis,* 228 U. S., 173, 33 S. Ct., 426, 57 L. Ed., 785, a Texas case. It should be noted that Texas has a statute which provides that damages awarded in an action for wrongful death may be apportioned by the jury. However, the Supreme Court of the United States held in the case of *Central Vermont Ry. C. v. White,* 238 U. S., 507, 59 L. Ed., 1433, that the decision in the *McGinnis case, supra,* means nothing more than that a jury may apportion the damages awarded and further held that there was nothing in the record in the *McGinnis case, supra,* "Which would support a ruling that a general verdict was invalid, or that the verdict could be set aside because it failed to fix the amount each beneficiary was to receive.

"Under Lord Campbell's Act (9 & 10 Vict., ch. 93, s. 2) and in a few of the American states the jury is required to apportion the damages in this class of cases. But even in those states the distribution is held to be of no concern to the defendant, and the failure to apportion the damages is held not to be reversible error. (*Norfolk & W. R. Co. v. Stevens,* 87 Va., 631 (1), 634, 46 L. R. A., 367, 34 S. E., 525; *International & G. N. R. Co. v. Lehman,* Tex. Civ. App., 72 S. W., 619,—certainly not unless the defendant can show that it has been injured by such failure. The employers' liability act is substantially like Lord Campbell's Act, except that it omits the requirement that the jury should apportion the damages. That omission clearly indicates an intention on the part of Congress to change what was the English practice so as to make the Federal statute conform to what was the rule in most of the states in which it was to operate. Those statutes, when silent on the subject, have generally been construed not to require juries to make an apportionment." See also *Kansas City S. R. Co. v. Leslie,* 238 U. S., 599, 59 L. Ed., 1478; U. S. C. A., Title 45, sec. 51, note 880, *et seq.*

In view of the conclusion reached, it is unnecessary to discuss the other questions raised and argued.

We think, upon the facts presented on this record, the judgment of the court below must be upheld.

Affirmed.