In the Matter of the Estate of HAROLD E. BERTRAND, Deceased.

Surrogate's Court, Jefferson County, July 13, 1948.

*McElroy, Young & Mahley* for Eunice H. Bertrand, as administratrix of the estate of Harold E. Bertrand, deceased, petitioner.

*Daniel Scanlon*, special guardian for Diana Bertrand and another, infants.

WRIGHT, S. Application is made for leave to compromise an action to recover damages for the death of decedent under the Federal Employers' Liability Act, and that the amount received in settlement be distributed to those entitled thereto.

From the papers submitted by the petitioner and the exhaustive report of the special guardian, I am satisfied that the compromise and settlement should be approved in the sum of $23,000.

The only question remaining to be determined is the allocation of the proceeds of settlement to the persons entitled thereto.

The widow and two children are the only persons entitled to the net recovery. At the time of his death decedent was twenty-six years old, his widow was twenty-five years old, the daughter Diana was four years and the daughter Constance was one year of age.

The petitioner claims the distribution should be as follows:

|  | Years of expectancy of support | Percentage of recovery |
|---|---|---|
| Eunice Hazel Bertrand (widow) | 38.11 | 51.03 |
| Diana Bertrand | 16.92 | 22.65 |
| Constance Bertrand | 19.66 | 26.32 |

The special guardian for the infants claims that the widow and children should be entitled to one third each. He makes no claim that the Decedent Estate Law controls the distribution but that under the circumstances here one third to each would represent each of their pecuniary losses.

In cases like the present, where a lump sum is available for distribution among all the injured parties, it must be divided in proportion to the several losses which are shown to have been sustained by the several individuals damaged, which process must depend very much upon the good sense and sound judgment of the determining tribunal upon all of the facts and circumstances of the particular case.

In many of the cases the apportionment has been arrived at by means of using as a measuring stick the years of expectancy of support. However, I believe that the very young infants here involved suffered damages beyond mere support. They were entitled to expect the deceased parent would not only support them but to some extent provide them with educational advantages to enable them to earn a livelihood.

Since I must make an apportionment according to the damages as I find them to be, I shall apportion the net proceeds as follows:

To the widow Eunice Hazel Bertrand 42% thereof, to the daughter Diana 28% thereof, and to the daughter Constance 30% thereof.

The special guardian's allowance is fixed in the sum of $400.