*In re* SMITH'S ESTATE.  PETITION OF SMITH.

(*Knoxville*, September Term, 1949.)

(May Session, 1950.)

Opinion filed June 9, 1950.

NATHAN ORRIS HALE, of Knoxville, for plaintiff in error.

ELY & ELY and HUBERT H. VESSER, of Knoxville, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is a controversy over the distribution of a sum of money paid in settlement of a claim for wrongful death under the Federal Employers' Liability Act, Title 45 U. S. C. A. Section 51 et seq.

The deceased employee, Boyd L. Smith, worked for the Southern Railroad in employment protected by the

Federal Act. On May 9, 1949, he fell in a hole at the Coster Shops of the Railroad, and received the injuries which caused his death on May 16, 1949. Thereafter, on June 13, 1949, Jack A. Roach was appointed administrator of Smith's estate, and in that capacity, without Court advice or approval, compromised and settled the death claim against the Railroad for $10,000. After deducting fees and expenses there remained for distribution, the sum of $9,730.

Smith left a widow and four children, one of the latter, a young man who was in his 20th year at the time of his father's death, is the petitioner in the present cause.

After the administrator had made the settlement with the Railroad, and before any distribution of the sum had been made, the petition which is the basis of the appeal, was filed, by which the son insisted that the sum of money in the hands of the administrator for distribution should be distributed as personal property under the Tennessee statute for distribution, Code, Section 8389 (1), and that, therefore, petitioner as a son of the deceased, was entitled to ⅕ of the entire amount of $9,730.

At the time that the petition was filed, there had been entered in the cause on the 25th of June 1949, apparently on oral application of the administrator, an order of distribution, by which the administrator was directed to make distribution as follows:

"In this matter it duly appearing to the Court that Jack A. Roach, Administrator of the Estate of Boyd L. Smith, deceased, had effected a settlement with the Southern Railway for the wrongful death of said deceased under the Federal Employers' Liability Act, said settlement being in the amount of $10,000, that said sum or damages cannot under the law be in any way respon-

sible for debts, but enures to the benefit of the widow and children; that said decedent left surviving him a widow and four (4) minor children; that said widow, Maggie H. Smith, was born on December 24, 1895; that her expectancy figured to the day under Carlisle's Mortality tables is 18.7 years; that under the rule of distribution for damages paid under the said Federal Employers' Liability Act the children's share is figured on length of time each lacks being twenty-one years of age, and that on said basis the interest of each child is as follows: (names, relationship, date of birth and interest in terms of years being given.)

"1. Maggie H. Smith, widow, born 12-24-1895 .............. 18.7 years

2. Boyd L. Smith, Jr., son, born 7-26-1928 .............. .1944 years

3. Mary Alice Smith, daughter, born 7-20-1929 ............. 1.1777 years

4. Ernestine Smith, daughter, born 9-7-1935 .............. 7.3083 years

5. Agnes Smith, daughter, born 7-22-1932 ............. 4.1833 years

That the total due on expenses of Administration is $270 which leaves $9,730 for distribution. That the total of above years is 31.5637, and when divided into said $9,730, equals $308.2655 or the value of one year and that the value of each heir's share is as follows:

1. Maggie H. Smith ............ $5,764.56

2. Boyd L. Smith, Jr. .............. 59.93

3. Mary Alice Smith ............. ..363.04

4. Ernestine Smith .............. 2,252.90

5. Agnes Smith ................. 1289.57

and that said heirs are entitled to a distribution at this time.''

As stated, after the entry of this order the son filed his petition, insisting that he was entitled under the Statutes of Distribution to ⅕ of the $9,730, as a child's share, and after the filing of that petition, without further plea from the administrator, "a final decree and stipulation of facts" was entered by which the method of distribution adopted in the first order of distribution was substantially followed, except that Boyd L. Smith, Jr., was allowed two months additional compensation because it was found by the Judge that he would not reach his 21st birthday until September 26, 1949, four months and ten days after his father's death. Using the method of computation set out in the first order of distribution and copied above, the final decree provided:

"The Knox County Court Clerk put the total number of years at 31.5637 in dividing up the money among the heirs listed above, which placed a value of $308.2655 for each year. He apportioned the widow for 18.7 years the sum of $5,764.56; Boyd L. Smith, Jr., for .1944 years the sum of $59.93; Mary Alice Smith for 1.1777 years the sum of $363.04; for Ernestine Smith for 7.3083 years the sum of $2,252.90; for Agnes Smith for 4.1833 years the sum of $1,298.57, and distribution was ordered on this basis.

"The widow was allowed to inherit on the basis of her life expectancy and the children for the number of years or fraction thereof that they lacked being 21 years of age at the time of decedent's death."

The petitioner duly excepted to the final decree, and since the hearing was on a stipulation of facts, perfected his appeal directly to this Court. The only question presented by the appeal is whether the State statute of distribution providing for distribution of personal

property as on an intestacy, Code, Section 8389(1), applies. In view of the special and peculiar facts of this case, the question is not without difficulty.

Under the Federal Employers' Liability Act, the beneficiaries, in case of wrongful death of the employee, are: ". . . surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee . . ." Title 45 U. S. C. A. Section 51.

". . . for (a) pecuniary loss to the father (designated beneficiaries) by reason of the death and (b) conscious pain and suffering of the decedent . . ." *St. Louis, I. M. & S. R. Co.* v. *Craft,* 237 U. S. 648, 653-654, 35 S. Ct. 704, 59 L. Ed. 1160, 1162.

■ . Where there has been a trial before a jury or before a Judge without a jury, the scope of the evidence relevant to (a) and (b) supra, was considered in *Nashville, C. & St. L. Ry.* v. *Anderson,* 134 Tenn. 666, 685, 185 S. W. 677, L. R. A. 1918C, 1115, Ann. Cas. 1917D, 902. When there is a trial, the measure of damages is the pecuniary loss of the beneficiaries based not on what the deceased might have earned, but rather on what part of his earnings might reasonably be expected by the beneficiaries to have accrued to them. Evidence by which that measure of damages is to be presented to the jury is fully discussed in *Nashville, C. & St. L. Ry.* v. *Anderson, supra,* but the situation of the Anderson case is not before us here. In the present case, the administrator made and agreed on the amount of the settlement without the approval of any Court or jury. The Railroad had paid $10,000 in a lump sum for a full release from liability, and if in reaching that amount, any consideration was given to the proportionate interest of

the several beneficiaries, that fact does not appear in the proceedings in the County Court. "But if there be no division of the amount recovered designed, and no way to ascertain how the jury apportioned the damages, then such amount must be distributed according to the laws of the State wherein the administrator is appointed." Thornton's Federal Employers' Liability Act, 3rd ed., Section 180, p. 259; *Pennsylvania Co.* v. *Long*, 94 Ind. 250; *Bradford City* v. *Downs*, 126 Pa. 622, 17 A. 884; *Louisville, E. & St. L. R. Co.* v. *Berry*, 2 Ind. App. 427, 28 N. E. 714.

In considering this appeal, we are dealing with a sum received *in solido* by the voluntary and unauthorized settlement and compromise of the claim made by the administrator acting under no authority or supervision of Court. As will be seen from Annotations in 14 A. L. R. 520; 112 A. L. R. 32, and 171 A. L. R. 201, Courts of the several states have reached a wide variety of results in dealing with the question, and the many cases cited in those Annotations are not very helpful to us because their basis was statutory law which is not identical with ours. Compare 25 C. J. S., Death, Section 37, p. 1120.

In the present case, the administrator presents no Tennessee case as authority for the method of distribution adopted in the County Court. The North Carolina case, *In re Badgett*, 226 N. C. 92, 36 S. E. (2d) 658, Annotated in 171 A. L. R. 201, is identical with the present case on the facts, and there, the North Carolina Court distributed the funds in accordance with the State statutes of distribution, and as the petitioner insists should be done here. In the North Carolina case, the deceased was an employee of the Southern Railroad and killed by one of its trains while in the performance of his duties.

The widow qualified as administratrix, and without the authority of any Court, settled the death claim for a lump sum of $15,000. It was agreed that the settlement was made under the provisions of the Federal Employers' Liability Act. The employee left his widow and eight-year-old daughter, both of whom were dependent upon him for support and maintenance, and a twenty-year-old daughter, who neither resided with nor was dependent upon deceased at the time of his death. The Supreme Court of North Carolina upheld the distribution of the $15,000 in accordance with the North Carolina statutes of distribution, and without regard to the dependency of the various beneficiaries.

"The sole question to be determined is whether the net proceeds received for the wrongful death of Elmer Thomas Badgett, while engaged in interstate commerce, shall be apportioned according to our statute of distribution. The answer must be in the affirmative. *In re Stone,* 173 N. C. 208, 91 S. E. 852; Id. 176 N. C. 336, 97, S. E. 216.

"The appellant contends that since the recovery was based upon the . . . Federal Employers' Liability Act, the proceeds must be apportioned among the beneficiaries of the deceased according to the pecuniary loss each has sustained. We think the overwhelming weight of authority is to the effect that in an action for wrongful death under this Act, the jury may apportion the award as contended by the appellant and that a recovery under the Act, by way of compromise, may be apportioned in a similar manner where the Court supervises and approves the compromise. But, where the settlement is made in the discretion of the personal representative without the advice or approval of the Court,

we think the award must be distributed under the provisions of our statute of distribution." *In re Badgett*, 226 N. C. 92, 36 S. E. (2d) 658, 659, 171 A. L. R. 201.

As illustrating cases where, as suggested in the North Carolina opinion, the Probate Judge made the allocation while supervising and approving the settlement, before it was finally agreed on by the administrator, there are several cases from the Surrogate Court of New York, e. g., *In re Yocom's Estate*, 193 Misc. 340, 80 N. Y. S. (2d) 853; *In re Bertrand's Estate*, 192 Misc. 930, 82 N. Y. S. (2d) 458.

In the case of *Moseley* v. *Beard*, 203 Ark. 731, 158 S. W. (2d) 917, the widow, as personal representative, received a lump sum settlement for the wrongful death of her husband who was killed while employed by the Missouri Pacific Railway. The Supreme Court of Arkansas approved a distribution under the statutes of distribution of Arkansas, by which the widow took ⅓, and each of the three children, without regard to dependency, took ⅓ of the balance. In the Annotation in 171 A. L. R. commencing at page 206, it appears that the following states also support this method of distribution: Indiana, Illinois, Michigan, Minnesota, New Jersey and Vermont. In addition to cases from North Carolina and Arkansas, already considered, there are: *McGraw* v. *Oelig*, 309 Ill. App. 628, 33 N. E. (2d) 758; *Northern Indiana Power Co.* v. *West*, 218 Ind. 321, 32 N. E. (2d) 713; *In re Venneman*, 286 Mich. 368, 282 N. W. 180; *Joel* v. *Peter Dale Garage*, 206 Minn. 580, 280 N. W. 524, 7 N. C. C. A., N. S., 568; *Capraro* v. *Propati*, 127 N. J. Eq. 419, 13 A. (2d) 318; *Harrison* v. *Carter*, 226 N. C. 36, 36 S. E. (2d) 700, 164 A. L. R. 697; *Abbott* v. *Abbott*, 112 Vt. 449, 28 A. (2d) 375.

■ Since the sum in the hands of the personal representative for distribution, though a settlement under the Federal Employers' Liability Act, is to be distributed according to State law, Thornton Federal Employers' Liability Act, supra, 25 C. J. S., Death, Section 37, p. 1120, supra, the method of distribution is ruled by the following Tennessee cases: *Black* v. *Roberts,* 172 Tenn. 20, 23, 108 S. W. (2d) 1097; *Powell & Smith* v. *Blake,* 161 Tenn. 516, 521, 33 S. W. (2d) 78; *Throgmorton* v. *Oliver,* 144 Tenn. 282, 230 S. W. 967.

"The recovery for the child's death, while not an asset of her estate in the sense that it was liable for her debts, or could pass under her will, or in other respects be treated as a legal asset (*Haynes* v. *Walker,* supra, [111 Tenn. 106, 76 S. W. 902]; *Throgmorton* v. *Oliver,* 144 Tenn. 282, 230 S. W. 967; *Powell* v. *Blake,* 161 Tenn. 516, 33 S. W. (2d) 78), nevertheless, is to be distributed just as surplus personal property." *Black* v. *Roberts, et al.,* 172 Tenn. 20, 23, 108 S. W. (2d) 1097, 1098.

"By the terms of this statute (Code, Section 8389) each of the children of defendant's husband was entitled to one-fifth of the net proceeds of the judgment, and defendant could not rightfully appropriate their portion of the fund to the payment of the debts of the deceased or to her own demands in the estate of her husband as his surviving widow." *Powell & Smith* v. *Blake,* 161 Tenn. 516, 521, 33 S. W. (2d) 78, 80.

"The statutes creating this right of action and prescribing who shall be entitled to the benefit of the same are Sections 4025 to 4028, inclusive, Shannon's Code (now Code, Section 8236 et seq.).

"It has been held by this court in *Freeman* v. *Illinois Cent. Railroad,* 107 Tenn. [340], 345, 64 S. W. 1, that these sections must be read and construed in connection with and in the light of the statutes relating to the distribution of personal property; being sections 4172 and 4173 of Shannon's Compilation (now Code, Section 8389 et seq.). A recovery upon such right of action, when realized, becomes personal property, and follows the usual course of distribution of personalty. *Loague* v. *Railroad,* 91 Tenn. [458], 461, 19 S. W. 430; *Railroad* v. *Bean,* 94 Tenn. 388, 29 S. W. 370.'' *Haynes* v. *Walker,* 111 Tenn. 106, 109, 76 S. W. 902, 903.

Under the foregoing authorities and for the reasons stated, the judgment of the County Court is reversed and the case remanded for entry of a decree in conformity with this opinion. The costs will be paid by the administrator out of the funds of the estate.

All concur.

### ON PETITION TO REHEAR.

█ Petition to rehear has been filed in which it is insisted that our decision permits a collateral attack upon the judgment of a Court of Record to be successfully made. We find that this argument is not supported by the record. On May 25, 1949, Jack A. Roach qualified as administrator of Boyd L. Smith, deceased. On May 28, 1949, notice to creditors was first published in a Knoxville newspaper. On February 27, 1950, well within the nine months period for filing claims, Code, Section 8196.2, Boyd L. Smith, Jr., filed the petition upon which we decided the case. For the disposition of this case, it is only necessary to say that any decree of distribution that was not a consent decree, made by the County

Judge before the expiration of nine months given by statute for the filing of claims, was premature and shown to be so in this case by the technical record itself.

The remainder of the petition to rehear, with no new citation of authority, undertakes to reargue the proper basis of distribution of the fund received in settlement, as being upon the pecuniary loss suffered by each beneficiary. These matters were fully considered by us in our former opinion, and supported by citation and consideration of appropriate authorities.

Petition denied.

All concur.