CORENE WHITE LAWRENCE

*v.*

BERTHA WHITE.

362 S.W.2d 464.

(*Knoxville,* September Term, 1962.)

Opinion filed November 9, 1962.

HODGES, DOUGHTY & CARSON, Knoxville, for petitioner.

PORTER & PORTER, EDWARD F. HURD, Newport, for respondent.

Mr. Justice Dyer delivered the opinion of the Court.

This suit involves the proper distribution of money paid in settlement of a claim for wrongful death of an employee under the Federal Employers' Liability Act, Title 45 U.S.C.A. sec. 51 et seq. (hereinafter referred to as the "Federal Act," or "Act").

The facts are not in dispute. Lem White an employee of the Southern Railway was killed in a railroad accident on December 21, 1956. His widow, Bertha White qualified as Administratrix of the estate, and as such settled the claim against the railroad for $10,500.00 paid to her as administratrix in solido.

Lem White was survived by his widow, Bertha White, who was entirely dependent upon him, and one child by a former marriage, Corene White Lawrence, age 43, who was not dependent upon deceased. This suit is between these two and involves whether the sum received should be paid to the widow as deceased's only dependent, or whether the sum should be distributed under our law of distribution. (T.C.A. sec. 31-201.)

The Chancellor has held this fund be divided between the widow and child in accordance with our law of distribution, under authority of *In re Smith's Estate,* 191 Tenn. 69, 231 S.W.2d 569. The Court of Appeals has reversed this action of the Chancellor holding the widow as sole dependent of deceased should receive the fund, and the Smith case is not controlling under the facts in this case.

This Federal Act allows recovery for wrongful death of employees engaged in interstate commerce and first places two limitations before any recovery will be allowed, to-wit: (1) only beneficiaries named in the Act may recover; (2) the beneficiary or beneficiaries are limited to those who have sustained some pecuniary loss as a result of the death of the employee, or in other words were dependent upon the employee for their support. The Act then limits the damages to that sum the beneficiary or beneficiaries might reasonably have expected to receive from the deceased employee during the time of their dependency upon him. The Act expressly reserves the right of action to the personal representative of deceased, and gives said personal representative the right to compromise any claim, without approval of any Court. In support of these general statements see: 45 U.S.C.A. sec. 51 et seq.; *American R. Co. of Porto Rico v. Birch,* 224 U.S. 547, 32 S.Ct. 603, 56 L.Ed. 879; *Thompson v. Wabash R. Co.,* 8 Cir., 184 F. 554; *In re: Butler,* D.C., 20 F.Supp. 995; *Smelser v. Southern Railway Co.,* D.C., 148 F.Supp. 891; *Stewart v. Southern Railway Co.,* 315 U.S. 283, 62 S.Ct. 616, 86 L.Ed. 849; *Gulf C. & S. F. R. v. McGinnis,* 228 U.S. 173, 33 S.Ct. 426, 57 L.Ed. 785, *Michigan Central R. v. Vreeland,* 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417; *American R. of Porto Rico*

*v. Didricksen,* 227 U.S. 145, 33 S.Ct. 224, 57 L.Ed. 456; *Nashville C. & St. L. R. v. Anderson,* 134 Tenn. 666, 185 S.W. 677, L.R.A.1918C, 1115; *Oakley v. Nashville C & St. L. R.,* 196 Tenn. 395, 268 S.W.2d 110.

*In re: Smith,* supra was decided by this Court in 1950. In this case a railroad employee covered by this Federal Act lost his life in the course of his employment. Deceased was survived by his widow dependent upon him, and four minor children who were either dependent, or due to their minority might reasonably have expected to receive support from their father. The administrator made settlement with the railroad without Court approval or advice, which sum was paid to him in solido. The County Judge of Knox County entered an order directing the administrator to disburse this fund under a formula based on the life expectancy of the widow and the number of years each child lacked being 21 years of age. This formula no doubt was worked out to compensate the dependents for such sum as they might reasonably have expected to receive from deceased during the time of their dependency upon him; with the settlement as the full sum all would receive.

One of the children a son, age 20, who under the formula received a relatively small sum filed a petition claiming the funds should be divided under our law of distribution. This Court in the opinion noted there was no evidence to show any agreement by the dependents to apportion the amount, nor that any consideration was given to the proportionate interest of the several dependents, and no court approved the settlement. This Court held under these circumstances the funds would be divided under our law of distribution.

There is a factual difference between the *In re: Smith* case and the case at bar. In the Smith case all who would take under our law of distribution would also be classed as dependents under the Federal Act. In the case at bar one of those taking under our law of distribution (the child Corene White Lawrence) would not be classed as a dependent under the Act. It was upon this difference the Court of Appeals distinguished the case at bar from the *In re: Smith* case, and on this point used the following language in their opinion:

"We are of the opinion that the effect of the Court's decision in Re Smith's Estate, supra, was merely to set out the method of distribution of the funds received by a settlement *in solido*, without court approval, where there were two or more beneficiaries entitled to recover damages under the Federal Employer's Liability Act—not to create new and different beneficiaries than those set out in the Act."

Able counsel for Corene White Lawrence argues before the bar of this Court that *In re: Smith*, supra is authority for the distribution of funds under our laws of distributions, regardless of dependency, where such funds have been received by a personal representative as in the case at bar, which funds were received in the same manner as those received by the personal representative in the Smith case. We agree.

When this Court decided the case of *In re: Smith*, supra there was not any Tennessee authority on the point in question. The Court based this decision primarily on the cases of *In re: Badgett*, 226 N.C. 92, 36 S.E.2d 658, 171 A.L.R. 201; and *Moseley v. Beard*, 203 Ark.731, 158 S.W.2d 917; In both the North Carolina and Arkansas

cases the Courts of these states held proceeds received by a personal representative under like circumstances to those received by the personal representative in the case at bar would be distributed under the respective state's laws on distribution, regardless of dependency. While the exact point raised here was not decided in the Smith case (since it was not necessary to that decision) the general tenor of the opinion and the authority cited to support the decision does support the proposition, that proceeds received by the personal representative as in the case at bar would be distributed under our law of distribution, regardless of whether or not those so taking would be classified as dependents under the Federal Act.

We agree with the Court of Appeals that division of the funds in the case at bar in conformance with *In re: Smith,* supra will in effect materially modify the provisions of the Federal Act. In many instances such division of proceeds would serve to almost completely defeat the purpose of the Act, which is to provide for the welfare of those beneficiaries who suffer pecuniary loss as a result of the death of an employee covered by the Act.

Where suit has been filed for damages under this Federal Act and the Court where the suit is pending approves any agreed or compromise settlement, then the proceeds so received are not subject to our law of distribution. *Oakley v. Nashville C. & St. L. Railway,* supra. We see no reason why funds received by a personal representative, who has entered into an agreed or compromise settlement, having authority under the

Act to do so, should not be distributed in keeping with the provisions of the Act.

In dealing with this question other states have reached a wide variety of results, and as said in the case of *In re: Smith,* supra are not very helpful to us. See Annotations in 14 A.L.R. 520; 112 A.L.R. 32; 171 A.L.R. 201.

The case of *In re: Smith's Estate,* 191 Tenn. 69, 231 S.W.2d 569; is overruled.

The proceeds received by the administratrix of the Estate of Lem White, deceased shall be disbursed to his only dependent, Bertha White. The costs in this cause will be paid by the administratrix out of these funds prior to disbursement. The cause is remanded to the Chancery Court of Cocke County for any necessary orders or proceedings in conformance with this opinion.