OPINION OF THE COURT
Robert A. Contiguglia, S.
The court was petitioned by Elizabeth Slater, executrix of the estate of Henry F. Slater, Jr., deceased, for leave to compromise and settle a claim against Nancy Devine for wrongful death of the decedent, and to distribute settlement proceeds received.
A hearing was held on December 17, 1979, after which the court directed the action be settled for the sum of $110,000. The interim settlement order was entered in the Cayuga County Surrogate’s Court on December 28, 1979. The settlement proceeds are now on deposit in the Cayuga County Savings Bank.
The only issues left for determination by the court are distribution of the proceeds, attorneys’ fees and an allowance to the guardian ad litem.
At the time of his death, Henry F. Slater, Jr., left him surviving a wife, the petitioner, and two infant children by a former marriage: Thomas Glen Slater, born March 6, 1970, and Tammy Lee Slater, born January 17, 1964. The infant children reside with their natural mother, Patricia De Witt. Petitioner was born on October 9, 1955, and *556 married decedent on October 8, 1977. Decedent was born on October 17, 1939, and at the time of his death, August 17, 1978, was 39 years of age. His spouse was about 23 years of age; Thomas was about 8V2 years of age; and Tammy, about 13V2 years of age. Prior to the accident, decedent’s life expectancy was 33.8 years; petitioner’s was 55.6 years; the remainder of Thomas’ minority was ábout 121/2 years, and the remainder of Tammy’s minority was about 71/2 years.
Decedent’s first marriage ended in divorce and a separation agreement dated June 6,1972, provided that decedent was obligated to pay child support until the children reached 21 years of age. The agreement further provided that decedent was to pay and provide hospitalization insurance and one half of any medical and/or dental bills not covered by insurance for Thomas and Tammy.
It is the contention of petitioner that the court divide the net proceeds of the settlement as set forth in Matter of Kaiser (198 Misc 582). The guardian ad litem disagrees and argues that special circumstances warrant a distribution whereby the decedent’s infant children who are living with their natural mother, should receive a larger share than they would under the Kaiser formula. The court has the authority to decide the punitive damages suffered by decedent’s distributees.
In the Kaiser case, the decedent left a wife and child. The child was living with its natural mother, decedent’s spouse, and the spouse had the responsibility of rearing the child.
In the case at bar, the infant children have been living with their natural mother, the decedent’s prior wife. The responsibility for rearing these two infants falls on the natural mother’s shoulders and she receives no portion of the settlement.
The testimony shows that decedent loved his children, visited them regularly, participated in activities with them, and expressed an interest in their education, especially that of Tammy. Both children are doing very well in school and enjoy good health.
Although the Kaiser formula has been followed by this court in other settlements, this case presents circum *557 stances which warrant the use of a different formula for distribution of the settlement proceeds. (Matter of Bertrand, 192 Misc 930; Mahler v American Airlines, 49 Misc 2d 693; see, also, Matter of Saxe, 21 Misc 2d 811.)
It is the finding of this court that the funeral bill paid by petitioner to Robert Gray Funeral Home in the amount of $1,264 is reasonable, and that she is entitled to reimbursement of that sum. It is also the finding of this court that the legal fees of Michaels, Michaels, Wineburg, Scollan and Weinstein and George R. Iocolano, attorneys for petitioner, shall be $30,171.52, plus disbursements in the sum of $313.91. It is the finding of this court that Thomas P. Stopyra, Esq., guardian ad litem for the two infant children, shall be granted an allowance of $800 for his services rendered to said infants.
The court finds that the net proceeds, in the amount of $77,450.57, shall be divided as follows:
1. Elizabeth Slater, widow, 39% $30,205.72
2. Thomas Glen Slater, son, 38% 29,431.22
3. Tammy Lee Slater, daughter, 23% 17,813.63
Any interest earned on the gross settlement shall be divided among the three distributees in accordance with the percentage figures set forth above.
A guardian shall forthwith be appointed for said infants, and the funds due them shall be paid to such guardian, jointly with Cayuga County Savings Bank, and deposited in said bank, subject to further order of this court.