Oakley *v.* Nashville, C. & St. L. R. Co., Inc.

*(Nashville,* December Term, 1953.)

Opinion filed February 11, 1954.

On Petition to Rehear May 21, 1954.

R. B. Parker, Jr., H. T. Finley and E. D. Jackson, all of Nashville, for plaintiff in error.

WALKER, HOOKER, KEEBLE, DODSON & HARRIS, of Nashville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Raymond R. Oakley, an employee of the Nashville, Chattanooga and St. Louis Railroad Company, was killed under circumstances which caused his widow and guardian of his two minor children to think that the railroad was liable under the Federal Employers' Liability Act, 45 U. S. C. A. Sec. 51 et seq. This widow, as administratrix of her deceased husband's estate, therefore, brought this suit under that Federal Statute for the recovery of damages. The Railroad, the widow, and the guardian of these children agreed to settle the case for

$11,500 subject to the approval of the court wherein the cause was pending.

The proposed settlement was submitted to the Court, a jury being expressly waived. The Court approved the settlement in a judgment reciting that he found it to be "fair and proper". In accordance with the directions of that judgment the Railroad paid the money into Court. After the attorneys representing the administratrix were paid in accordance with the directions of this judgment, there remained for distribution among those entitled thereto the sum of $8,625. This judgment provided that "the question of distribution of the net funds between the widow and children who are the beneficiaries is reserved to a future hearing".

 The reason for reserving to a future hearing the question of the apportionment of this $8,625 between the widow and these two children was because under the Federal Employers' Liability Act the apportionment between the widow and children is not governed by our statute of distribution. On the other hand, under this federal statute the damages to which the widow and children are entitled is "such sum as the widow might reasonably have expected to receive from her husband for support, and such a sum as the child [children] might reasonably have expected to receive from his [their] father for support during minority". *Nashville, C. & St. L. Ry.* v. *Anderson,* 134 Tenn. 666, 682, 185 S. W. 677, 681, L. R. A. 1918C, 1115.

The reservation of this question of apportionment between the beneficiaries in the judgment approved by the respective attorneys for all the respective beneficiaries conclusively establishes it as a fact that it was the intention of the Court and of all the beneficiaries to distribute

this $8,625 in accordance with the intent and spirit of the Federal Employers' Liability Act, rather than under the Tennessee Statute of Distribution.

Subsequent to the entry of the aforesaid judgment, the beneficiaries, in keeping with the intent to so apportion this fund, entered into a stipulation as to the facts. The question was then submitted to the Court on that stipulation. The Court entered a judgment ordering this fund to be distributed "in accordance with the Tennessee Statutes of Descent and Distribution". No doubt the Court so concluded because of his thought that the stipulation was too scanty to permit any other course. From that judgment the widow has .appealed and here insists that the facts embraced within the stipulation require, as a matter of law, the apportionment of this fund between the widow and these two children in the proportions hereinafter stated.

The facts stipulated were that the deceased husband was fifty-four years old, and had a life expectancy of 19.03 years; that his widow is thirty-nine years old; that she married him on November 14, 1950, eight days before he received the injury from which he died on December 26, 1950, and lived with him only one night as man and wife, but remained in attendance with him at the hospital after his injury; that deceased left two children, both minors, to wit, R. R. Oakley, Jr. and Dixie Lee Rickitson. These children were fifteen and one-half years and seventeen years of age, respectively. They both lived with their father, the deceased. Dixie Lee was earning between $14 and $20 per week at the time of her father's death. R. R. Oakley, Jr., was not employed and was supported by his father. It will be observed from the stipulation that the minor son lacked five and one-half

years of attaining his majority, and the daughter, Dixie Lee, lacked four years.

It is the insistence of the widow that under the facts so stipulated she is entitled to support from her husband during their joint lives; or 19.03 years, that being his life expectancy, her life expectancy being more, since she is considerably younger; that neither child is legally entitled to support after such child attains his majority; that the son will attain his majority in 5.5 years, and the daughter in 4 years. Adding the 19.03 years and the 5.5 years and the 4 years, it is found that a total of 28.53 years is involved. It is the insistence of the widow that the Court should have adjudged her entitled to 19.03/28.53 part of the net funds and that the son should receive 5.5/28.53 of the net funds and the daughter 4/28.53 part thereof.

As heretofore noted, it was undoubtedly the intent of all parties to distribute this fund in proportion to the loss sustained by the widow and by each of the two children. There is no escape from the conclusion that the facts stipulated are some evidence of that proportion, and it is the proportion insisted upon by the widow. There is no evidence to the contrary. We think, therefore, that the Trial Judge erred in not apportioning the funds in accordance with the insistence of the widow, there being no evidence to sustain any other apportionment in carrying out the obvious intent of the parties in settling the case for $8,625 net.

In the case of *In re Smith's Estate*, 191 Tenn. 69, 231 S. W. (2d) 569, 572, the administrator made a settlement of a claim arising out of the Federal Employers' Liability Act. The approval of the Court was not had, nor was there any evidence of an agreement by the beneficiaries

as to apportioning the amount received in accordance with the loss sustained by each. Under those circumstances the Court held that the amount received must be distributed in accordance with our statute of distribution, but in so doing the Court observed that: " 'We think the overwhelming weight of authority is to the effect that in an action for wrongful death under this Act, the jury may apportion the award as contended by the appellant and that a recovery under the Act, by way of compromise, may be apportioned in a similar manner where the Court supervises and approves the compromise' ". It is in this important respect that the case at bar is to be distinguished from *In re Smith's Estate,* supra.

The judgment of the Circuit Court will be modified so as to adjudge that all costs of the Circuit Court and of this Court will first be paid by the Clerk of the Court below out of the net funds now in the hands of the Circuit Court and of the balance remaining the widow, Mrs. Laura Oakley, will be adjudged entitled to 19.03/28.53 part thereof and the guardian for Raymond R. Oakley, Jr., will be adjudged entitled to 5.5/28.53 part thereof and as guardian for Dixie Lee Rickitson will be entitled to 4/28.53 part thereof. The Clerk will disburse the funds in accordance with this proportion to the parties entitled. The cause will be remanded for the entry of a judgment in accordance herewith and for such further proceedings as may be necessary.

### On Petition to Rehear.

■ The guardian of the two minor children of deceased has submitted a strong petition to rehear. As a result, this Court has found it necessary to make a rather close re-examination of its opinion in the light of the law and facts applicable to the question presented.

It is difficult to discuss the merits of the question without repeating much of that which was said in the opinion heretofore announced. In order to avoid as much repetition as we can, an attempt will be made to approach the question in a manner different from that in which the Court originally approached it. Preliminary to such an attempt, however, it seems appropriate to observe that the petitioner guardian has placed upon the opinion now under attack an interpretation which the Court did not intend. Maybe the language selected by the writer for the Court of that opinion was not as clear as it should have been.

It is said in the petition to rehear—and much importance is placed upon it—that this Court used "the theory of 'intent' as a substitute for proof". We did not so intend. There was a stipulation put into the record in lieu of proof. This Court observed that "there is no escape from the conclusion that the facts stipulated are some evidence of that proportion", meaning the proportion to which each of the beneficiaries are entitled. Now unless this is an erroneous statement, the conclusion originally reached is correct.

It is necessary to again call attention to the fact that the damages sought in this case were those to which the widow and children were entitled under the terms of the Federal Employers' Liability Act. Those damages under that act are to be measured by the loss which each of these parties sustained by reason of the death of this husband and father of these two minor children. *Nashville, C. & St. L. Ry.* v. *Anderson,* 134 Tenn. 666, 185 S. W. 677, is strongly relied upon by the petition to rehear. Attention is called to the fact that in that case the railroad did not concede that any loss had been sustained

by the widow and children. In that respect, the Anderson case differs from the case at bar.

In the case at bar the Railroad admitted by its conduct that the loss sustained by all the beneficiaries of this deceased was $11,500. That admission is implicit in the fact that it agreed to pay that much. It had no liability other than for such pecuniary loss as these beneficiaries had sustained. Moreover, the Trial Court, in approving a settlement for that amount, found that it was ''fair and proper''. Since the proceedings were solely under the Federal Employers' Liability Act, wherein it was fair and proper to pay the amount, and only the amount, of the pecuniary loss suffered by the beneficiaries, it seems to follow necessarily that we have an adjudication in this case that the pecuniary loss to these beneficiaries as a whole was $11,500. What other meaning could be placed upon the adjudication that the amount paid in a suit being maintained solely under the Federal Employers' Liability Act was a ''fair and proper'' amount?

Here then is an adjudication that the total pecuniary loss suffered as a whole by the widow and two minor children on account of the death of Raymond R. Oakley is $11,500. The sole remaining question is whether there is any proof as to the proportionate amount of this total sum, after expenses are deducted, to which each is entitled by the pecuniary loss suffered by each.

A loss suffered by the widow was the right of support from this husband during their natural joint lives shown by the stipulation to be 19.03 years. A loss suffered by each of the two minor children was the right of support from this father during their respective minorities, being 5.5 and 4 years respectively, as shown by the stipulation.

Other than as just above stated, no other pecuniary

losses were shown. So, the fund adjudicated as the "fair and proper" amount for the total loss of all must be proportioned between them on the basis of the number of years each was entitled to support from the deceased. It was so proportioned in this Court's opinion heretofore rendered. Upon a close reconsideration of the matter, and notwithstanding its deference for the opinion of the Trial Judge and of counsel for petitioner, this Court thinks its action was correct.

The petition to rehear will be denied.