**Knox WILLIAMS, Administrator ad litem of the Estate of W. G. Snyder, Deceased, Plaintiff-Appellant,**

v.

**The LOUISVILLE & NASHVILLE RAILROAD COMPANY, Defendant-Appellee.**

**No. 16987.**

United States Court of Appeals
Sixth Circuit.

Jan. 25, 1967.

John S. Wrinkle, Chattanooga, Tenn., for appellant.

W. D. Spears, of Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for appellee.

Before CELEBREZZE and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

This is an appeal under the Federal Employers' Liability Act. The District Court, finding no genuine issue of fact existing, sustained Defendant-Appellee's motion for summary judgment and dismissed the action.

The pertinent facts are that W. G. Snyder was killed while working for The Louisville & Nashville Railroad Company, hereinafter referred to as Defendant, leaving a surviving widow and six minor children. Shortly after his death the Defendant settled with the widow, paying to her personally and as administratrix of her husband's estate the sum of $50,000., upon the execution and signing of a release which provided, in part:

" * * * in full compromise, settlement, discharge and satisfaction of all claims, demands, or causes of action of every character whatsoever which I or the estate of W. G. Snyder, deceased, have or has as a result of injuries to and loss of life and damage to the property of said W. G. Snyder."

Knox Williams, Administrator ad litem of the Estate of W. G. Snyder, deceased, hereinafter referred to as Plaintiff, instituted suit in the District Court on behalf of the six minor children.

The essential question presented in the District Court and on appeal is whether a settlement agreement and release executed by the widow of W. G. Snyder, personally and as administratrix of the estate of W. G. Snyder, without court approval, is binding upon the minor children of the deceased, and consequently bars Plaintiff from maintaining an action under the Federal Employers' Liability Act, for and on behalf of the minor children.

Plaintiff does not seek to set aside the settlement made by the widow, nor is an allegation of fraud made. Plaintiff seeks only to make an additional recovery on behalf of the minor children.

Title 45, U.S.C.A. § 59, which applied to Federal Employers' Liability Act actions provides:

"Section 59. Survival of right of action of person injured.

"Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury."

Prior to the enactment of this Section in 1910 the right of action for personal injury, suffering and loss of the employee abated with his death. By the enactment of Section 59, a cause of action survived in the personal representative of the deceased, for the personal benefit of the beneficiaries designated by the statute, and the right of action did not become an asset in the estate of the deceased, which would subject it to the control of State courts having jurisdiction over estates. Chicago Burlington & Quincy Ry. Co. v. Wells-Dickey Trust Co., 275 U.S. 161, 48 S.Ct. 73, 72 L.Ed. 216 (1927); Michigan Cent. R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1912); Southern Ry. Co. v. Stewart, 8 Cir., 115 F.2d 317 (1940).

In the case at hand, when W. G. Snyder died on May 5, 1962, a cause of action survived in his personal representative for the benefit of his surviving widow and children. His widow, Betty Snyder, became his personal representative when she was appointed administratrix of his estate on May 18, 1962. It has long been recognized by the courts construing the provisions of the Federal Employers' Liability Act that the deceased's administrator or administratrix is his "personal representative". Marshall v. New York Central R. Co., 7 Cir., 218 F.2d 900 (1955); Kreiger v. Lehigh Valley R. Co., D.C., 1 F.R.D. 601 (1939); Lawrence v. White, 211 Tenn. 81, 362 S.W.2d 464 (1962).

As personal representative, Betty Snyder was empowered and entitled by Section 59 to settle any and all claims accrued under the Federal Employers' Liability Act for the benefit of herself,

as widow and the six minor children, by reason of the death of W. G. Snyder. Mellon, Director General of Railroads, etc. v. Goodyear, 277 U.S. 335, 48 S.Ct. 541, 72 L.Ed. 906 (1928); Hopps' Estate v. Chestnut, 324 Mich. 256, 36 N.W.2d 908 (1949); In re Badgett, 226 N.C. 92, 36 S.E.2d 658, 171 A.L.R. 201 (1946); In re Smith's Estate, 191 Tenn. 69, 231 S. W.2d 569 (1950).

■ The personal representative may enter into a settlement which is binding on the widow and minor children without acquiring court approval of the same. Southern Ry. Co. v. Stewart, supra; Treadway v. St. Louis, I. M. & S. Ry. Co., 127 Ark. 211, 191 S.W. 930 (1917); Mc-Carron v. New York Central R. Co., 239 Mass. 64, 131 N.E. 478 (1921); In re Badgett, supra; In re Smith's Estate, supra; Lawrence v. White, supra.

■ A settlement by the personal representative, acting under Section 51–60, Title 45, U.S.C.A., for the benefit of the deceased employee's widow and children, bars any further liability of the Railroad for such injuries. Hopps' Estate v. Chestnut, supra; Treadway v. St. Louis, I. M. & S. Ry. Co., supra; Larry v. Chicago, Burlington & Quincy Ry. Co., 74 F. Supp. 798 (D.C.Mo.1947).

■ In the absence of specific provisions in the Federal Employers' Liability Act requiring such court approval, the widow was not compelled by law to apply to the Probate Court for authority to settle the claim. Nor is there any provision providing for the allocaton of money, or that such recovery shall be administered according to the intestate laws of decedent's residence.

Until such time as the Congress amends the statute to provide for court approval of any settlement, no such approval is required.

■ In the instant case the remedy available to the Plaintiff would be an action for accounting against the widow, and not an action against the Defendant, since the language is specific that there can be only one recovery for the same injuries.

The Plaintiff relies solely upon the case of Tune v. Louisville & Nashville Railroad Company, D.C., 223 F.Supp. 928, in support of his contention that no settlement involving claims of minors under the Federal Employers' Liability Act is binding unless approved by a court. The District Court found that *Tune*, supra, is not controlling. We agree. A thorough study of the statute fails to reveal any such limitation on settlement of claims. It appears to be, however, an exigency which the law has not provided for. We think relief in such cases lies with the legislature, rather than with the courts. The factual situation in *Tune*, is different than in the present case, and therefore clearly distinguishable. In distinguishing the *Tune* case, the District Court said:

"The Tune case involved an action to set aside a settlement in its entirety. Here the plaintiff specifically acknowledges settlement of the widow's claim and seeks only to make an additional recovery on behalf of the children, a matter expressly forbidden by 45 U.S.C., Sec. 59. In the Tune case the settlement was alleged to be fraudulent. Here the claimant alleges no fraud, but merely that no settlement has been made upon behalf of the children. Finally, in the Tune case, the action is brought upon behalf of illegitimate children, whom the administratrix and widow did not purport to represent in making the settlement. To the extent that the Tune case purports to hold that a personal representative cannot settle an F.E.L.A. case where minor beneficiaries exist without prior court approval, this Court respectfully declines to follow such ruling."

We find that the District Court properly granted the Defendant's motion for summary judgment.

Affirmed.