**Emma FRANCIS on Behalf of her minor children, Joseph FRANCIS, Andrea Francis, Jonathan Daigle and Troy Daigle**

v.

**FOREST OIL CORPORATION, et al.**

**Civ. A. No. 85–1747.**

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

Feb. 20, 1986.

Paul Colomb, David J. Dennis, Lafayette, La., for plaintiffs.

---

Vance E. Ellefson, New Orleans, La., for defendants.

## RULING

SHAW, District Judge.

Now before the Court is a motion for summary judgment filed on behalf of Petroleum Helicopters, Inc. ("PHI"). PHI asks the Court to dismiss the claims of Emma Francis, individually and on behalf of Joseph and Andrea Francis and Jonathan and Troy Daigle. PHI claims that there is no genuine issue of fact, that plaintiffs lack standing, that the claims are time-barred, that plaintiffs have no right or cause of action, that their claims constitute an improper collateral attack on the judgment of a Louisiana court, and that their claims are barred by a previously executed compromise and release of claims executed by the duly appointed administratrix of the Succession of Bradley J. Mouton, Jr.

On June 16, 1983, Bradley J. Mouton, Jr. was employed by Forest Oil Corporation as a pumper, engaged in the extraction and production of petroleum products from the seabed of the Outer Continental Shelf. On that day, Mr. Mouton was a passenger in a Bell 206B-3 helicopter which crashed on the navigable waters of the Gulf of Mexico, adjacent to but more than one marine league from the shores of Louisiana. Mr. Mouton died as a result of the injuries suffered in that crash.

Mr. Mouton was survived by a wife, Sandra Agatha McElroy Mouton, a minor legitimate child, Bradley J. Mouton, III, and four acknowledged minor illegitimate children, Joseph Francis, Andrea Francis, Jonathan Daigle and Troy Daigle. Sandra Mouton as administratrix of the estate of Mr. Mouton asserted claims for the wrongful death of her husband. Mrs. Mouton settled the claims against PHI, the helicopter company, and Forest Oil Corporation on March 9, 1984 for $600,000.00.

On June 17, 1985 this suit was filed by Emma Francis, individually, and as the tutrix and guardian of Joseph and Andrea Francis and Jonathan and Troy Daigle.

Plaintiffs allege claims under 33 U.S.C. § 905(b), the Longshore and Harbor Workers' Compensation Act, 46 U.S.C. § 688, the Jones Act, the general maritime law and Louisiana law.

■ Defendant, PHI, asserts that if plaintiffs have a cause of action against PHI it would be under the Death on the High Seas Act, 46 U.S.C. § 761, *et seq.* ("DOHSA"). This Court is in agreement with this assertion. The facts reveal that the accident occurred more than three miles off the coast of Louisiana. The proper remedy is under DOHSA. This Court will allow plaintiffs leave to amend their complaint to add a DOHSA claim against PHI.

Defendant, PHI, next contends that the plaintiff lacks standing to bring a DOHSA claim. Under DOHSA, 46 U.S.C. § 761, the proper party plaintiff is the personal representative of the decedent. The personal representative is the person designated by a court as an administrator of the estate. *C.f. Marcano v. Offshore Venezuela,* 497 F.Supp. 204 (E.D.La.1980). Mrs. Mouton was appointed administrator by the Fifteenth Judicial District Court of Louisiana and therefore she was the proper party plaintiff; however, this rule is not without exception. The Fifth Circuit has allowed an intervention in a Jones Act death case by a party whose interest could not be adequately represented by the personal representative. *Smith v. Clark Sherwood Oil Field Contractors,* 457 F.2d 1339 (5th Cir.1972). This reasoning should apply equally to a DOHSA claim.

■ In *Smith,* the decedent's brother was the personal representative. His interests were aligned with the illegitimate daughter of Mr. Smith. Mrs. Smith sought to intervene on behalf of herself, individually and on behalf of her children. The district court denied her intervention and the brother settled the claim. The Fifth Circuit stated that since "the widow was not a party to the negotiations nor did she sign the settlement agreement or accept the court's judgment," Mrs. Smith should have been allowed to intervene. The Court

reversed the district court's approval of the settlement and remanded the case with instruction that Mrs. Smith be allowed to intervene and participate as a party to any proposed settlement.

In this case, the settlement agreement states that Sandra Mouton filed suit against PHI as the administratrix of the Succession of Bradley Mouton, Jr., the personal representative of the deceased, the natural tutrix of Bradley Mouton, III and "on behalf of any and all heirs, survivors, beneficiaries, and relatives of the deceased." The release states that Mrs. Mouton accepted the settlement and released PHI from all claims arising out of the injuries to and death of Mr. Mouton. She represented in the release that she and her son were the sole surviving dependents of Bradley Mouton, Jr. and that no person other than herself and her son sustained any pecuniary loss as a result of his death.

Although this case differs from *Smith* in that no intervention was filed before the settlement was effected, this Court holds that the same principles should apply. The illegitimates may not have known about the lawsuit in time to file an intervention. If they had a right to intervene they should also have a right to file suit. Plaintiffs contend that Mrs. Mouton knew of their existence. Regardless of knowledge of their existence, Mrs. Mouton could not adequately represent the interests of the four illegitimate children. To say that their interests would be adverse to her and her son's is to state the obvious. We hold that Mrs. Mouton did not effect a settlement of the illegitimates' claims under DOHSA for the death of their father. These children have a right to prove that they were dependent on Mr. Mouton and the amount of support they would have received from him in the future. The terms of the settlement agreement reveal that Mrs. Mouton did not represent these claims.

We are without authority to declare the settlement null and void as to the claims of Mrs. Mouton and her son as that issue is not before us. However, we conclude that the settlement agreement did not compromise the claims of Mr. Mouton's illegitimate children. Although PHI will now be exposed to claims it did not contemplate, we note that they will have a right of recourse against Mrs. Mouton. On page 5 of the release she agrees to "indemnify, hold harmless and defend," PHI for any claims asserted by any party "whatsoever in any way arising out of, or resulting from the injuries or death of Bradley Joseph Mouton, Jr. . . . ."

This Court notes that Emma Francis does not have a claim of her own under DOHSA. DOHSA is limited to the decedent's wife, husband, parent, child, or dependent relative. Ms. Francis does not fit within any of these classifications. *Hamilton v. Canal Barge Co., Inc.,* 395 F.Supp. 978, 987 (E.D.La.1975). In order to proceed on behalf of her minor children she must prove that she has been qualified as tutrix by a Louisiana court. Evidence of this appointment as tutrix should be reflected in the record.

■ Defendant asks that the claims be dismissed due to the passage of one year from date of death. The applicable statute of limitations in a DOHSA claim is found in 46 U.S.C. § 763a. The claim must be commenced within three years. This suit was filed within three years and therefore is not time-barred.

■ Finally, defendant asks that we dismiss the case as being an improper collateral attack on a state court ruling, namely an order by the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana. This order authorizes Mrs. Mouton, administratrix of the succession to enter into a compromise with PHI for the claims for the death of Bradley J. Mouton. We do not agree with defendant's contention. As stated above, Mrs. Mouton could not validly represent the interests of the four illegitimate children who had claims adverse to Mrs. Mouton and her son. Furthermore, the illegitimates are not mentioned by name or by a general reference in this order.

This Court concludes that the wrongful death claims of Mr. Mouton's four acknowledged illegitimate minor children were not validly compromised and they have a right to proceed against PHI through a properly appointed tutor.

Accordingly, defendant's motion for summary judgment is DENIED.