Johnnie Wiley CALTON, IV, Barbara McKeithen Calton Duke, as Tutrix of Arthur Fred Calton, Plaintiffs-Appellants,

v.

ZAPATA LEXINGTON, her engines, tackle, boilers, etc., in rem, Zapata Offshore Company, in personam, Defendants-Appellees.

No. 86–3143.

United States Court of Appeals, Fifth Circuit.

March 9, 1987.

Before WISDOM, JOHNSON, and GARWOOD, Circuit Judges.

JOHNSON, Circuit Judge:

The children of a deceased seaman's first marriage sued their father's employer. The district court granted the employer's motion to dismiss, on the ground that the seaman's personal representative, his widow, had already settled all claims. We conclude that the plaintiff's proper recourse lies against the personal representative, and affirm.

## I. BACKGROUND

Johnnie Wiley Calton III died on September 14, 1984, in an explosion and fire on the drilling rig where he worked. He left behind his first wife, Barbara McKeithen Calton Duke, and his two sons by her, Johnnie Wiley Calton IV and Arthur Fred Calton; and his second wife Dwanna Harveston Calton, and his two daughters born of the second marriage, Jennifer Dawn Calton and Angela Nicole Calton.

On September 28, 1984, the widow, Dwanna Calton, filed a Jones Act wrongful death suit against the owner of the rig, the Zapata Offshore Company. A Louisiana district court appointed Dwanna Calton administratrix of Johnnie Calton's succession on October 16, 1984. On June 24, 1985, Zapata Offshore and Dwanna Calton signed a settlement. Dwanna Calton signed the document individually, as Johnnie Calton's personal representative, as administratrix of the estate, and as tutrix of her two daughters. In exchange for $310,-000 payable immediately and $790,000 due under a structured settlement plan, Dwanna Calton agreed to dismiss her suit and to release "all legal rights arising out of or resulting from the injuries and/or death of her spouse, Johnnie W. Calton." Record at 34 (attachment 6). In addition, she agreed to indemnify Zapata Offshore and related entities from claims by others arising from

Russell A. Woodard, Columbia, La., for plaintiffs-appellants.

Daniel A. Webb, Patrick C. Grace, Abbott, Webb, Best & Meeks, New Orleans, La., for defendants-appellees.

the same accident. *Id.* at 34–35. The settlement makes no mention of Johnnie Calton's first marriage or family.

Allegedly unaware of Dwanna Calton's suit or its settlement, the first wife, Barbara Calton Duke, brought suit in her sons' names against Zapata Offshore on July 11, 1985. On January 24, 1986, the district court dismissed Barbara Duke's suit, citing the earlier settlement.

## II. DISCUSSION

The Jones Act authorizes a cause of action for the wrongful death of a seaman, to be brought by "the personal representative of such seaman." 46 U.S.C.A. § 688(a) (West 1986 Supp.). Barbara Duke and her sons argue, first, that Dwanna Calton never qualified as her husband's personal representative; second, that, even so, Dwanna Calton's settlement does not bar another suit.

■ The Supreme Court has held that a "personal representative" is the court-approved executor or administrator of the decedent's estate. *Briggs v. Walker,* 171 U.S. 466, 472–73, 19 S.Ct. 1, 3, 43 L.Ed. 243 (1898). *See also American R. Co. v. Birch,* 224 U.S. 547, 557, 32 S.Ct. 603, 606, 56 L.Ed. 879 (1912) (interpreting analogous provision of the Federal Employers Liability Act or FELA); *Ivy v. Security Barge Lines, Inc.,* 585 F.2d 732, 734 (5th Cir. 1978), *modified on other grounds,* 606 F.2d 524 (1979) (en banc), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 815 (1980) (when decedent's father lost his position as administrator of the estate, he also lost the authority to sue as personal representative); *Marcano v. Offshore Venezuela,* 497 F.Supp. 204, 207–08 (E.D.La.1980) (widow cannot sue unless some court designates her administrator). Barbara Duke acknowledges that Dwanna Calton was appointed administratrix of the estate by a Louisiana court, but argues that a separate court-designation as personal representative is necessary. Duke cites no cases in which such an additional designation was required or even sought. Dwanna Calton's appointment as administratrix sufficed to give her the powers of a personal representative.

Second, Barbara Duke and her children argue that they should be allowed to bring a separate suit because their interests conflict with those of the decedent's second family. This Court and others have recognized that Jones Act beneficiaries can intervene in the personal representative's suit if a conflict of interest exists. *Smith v. Clark Sherwood Oil Field Contractors,* 457 F.2d 1339, 1343–45 (5th Cir.), *cert. denied,* 409 U.S. 980, 93 S.Ct. 308, 34 L.Ed.2d 243 (1972) (widow and her children had a conflict with mistress' child); *Petition of Sandra and Dennis Fishing Corp.,* 209 F.Supp. 835 (D.Mass.1962); *In re Risdal and Anderson, Inc.,* 266 F.Supp. 157 (D.Mass.1967) (dicta). One district court in this Circuit has recently allowed beneficiaries claiming a conflict of interest to bring suit in a *separate proceeding* from any initiated by the personal representative. *Francis v. Forest Oil Corp.,* 628 F.Supp. 836 (W.D.La.1986), *appeal dism'd.,* 798 F.2d 147 (5th Cir.1986). The district court in *Francis* reasoned that, since intervention was allowed, a separate suit should also be permissible; the defendant would be protected by an indemnity clause in the personal representative's release.

■ The precedent, however, weighs against allowing beneficiaries to sue in a separate proceeding. In *Hassan v. A.M. Landry & Son, Inc.,* this Court prevented a deceased seaman's mother from suing when the personal representative, his widow, had already settled with the employer. 321 F.2d 570 (5th Cir.1963), *cert. denied,* 375 U.S. 967, 84 S.Ct. 486, 11 L.Ed.2d 416 (1964). The *Hassan* court had several other grounds not present in the instant case, including the fact that the plaintiff-mother had acquiesced in the settlement and that the ultimate beneficiaries of both proceedings were the same group of children. *Id.* at 571–72. Other courts have held, in cases closer to the instant case, that a beneficiary cannot bring suit apart from the personal representative. *Chicago, Burlington and Quincy Railroad Co. v. Wells Dickey*

*Trust Co.*, 275 U.S. 161, 163–64, 48 S.Ct. 73, 73–74, 72 L.Ed. 216 (1927) (FELA case) (sister cannot recover when personal representative, the decedent's mother, died without bringing suit); *Williams v. Louisville & Nashville R.R. Co.*, 371 F.2d 125, 128 (6th Cir.), *cert. denied*, 388 U.S. 919, 87 S.Ct. 2138, 18 L.Ed.2d 1364 (1967) (FELA case) (worker's children can't sue after the widow, his personal representative, settles); *Benoit v. Fireman's Fund Insurance Co.*, 355 So.2d 892, 896 (La.1978) (settlement signed by seaman's former wife and children invalid because the personal representative, the seaman's uncle, did not approve it). In short, both the precedents and the plain meaning of the statute bar separate suit by Barbara Duke for her former husband's death.

■ However, the children of the first marriage may not be entirely without recourse. The personal representative holds any recovery in trust for the beneficiaries named in the Act. *Chicago, Burlington and Quincy Railroad Co.*, 275 U.S. at 163, 48 S.Ct. at 73; *Landry v. Two R. Drilling Co.*, 511 F.2d 138, 141 n. 2 (5th Cir.1975); *Hassan*, 321 F.2d at 571; *Williams*, 371 F.2d at 128. If Dwanna Calton failed in her fiduciary duty, either by not bargaining for the rights of the first family or by refusing to turn over an appropriate share of the proceeds, the children of the first family may have a cause of action against her. *See, e.g., Williams*, 371 F.2d at 128. Admittedly, this solution throws on Barbara Duke and her children the risk that Dwanna Calton may have dissipated the funds so far received and that the payments to come may not suffice. However, Congress chose to protect seamen's employers by funnelling all suits through a single personal representative. In the vast majority of cases, all the beneficiaries can protect their interests, and the consolidation of authority facilitates prompt payment of claims. It is inappropriate to make an exception for the instant case.

## III. CONCLUSION

Dwanna Calton fulfilled all the requirements for becoming Johnnie Calton's personal representative under the Jones Act. Barbara Duke and her children may not sue the Zapata Offshore Company separately for Calton's death, because they failed to intervene or otherwise protest a settlement reached by the personal representative. If that settlement is unsatisfactory, the children of the first marriage may have a cause of action against Dwanna Calton for failing to represent their interests. For these reasons, the judgment of the district court is

AFFIRMED.