**Marjorie ZICHERMAN, individually and as Executrix of the Estate of Muriel A.M.S. Kole, and Muriel Mahalek, Plaintiffs,**

v.

**KOREAN AIRLINES INC., Defendant.**

83 Civ. 8428 (CBM).

United States District Court,
S.D. New York.

June 25, 1992.

Needham & Warren, Boston, MA by W. Paul Needham, Kevin M. Hensley, Christopher Lovell, P.C., New York City, for plaintiffs Marjorie Zicherman and Muriel Mahalek.

Condon & Forsyth, New York City by George N. Tompkins, III, for defendant Korean Air Lines, Inc.

### MEMORANDUM OPINION
### RE INTERVENTION

MOTLEY, District Judge.

#### Introduction

This action arises out of the Korean Airlines Flight 007 disaster on September 1, 1983 in which the decedent, Muriel A.M.S. Kole, was tragically killed. There are two plaintiffs in this case. Marjorie Zicherman (the decedent's sister) and Muriel Mahalek (the decedent's mother), in their individual capacities, are suing Korean Airlines for pecuniary losses they sustained due to the decedent's death and for grief and mental anguish they experienced (counts one and two). In addition, Ms. Zicherman, as executrix of the decedent's estate, seeks to recover for the conscious pain and suffering endured by the decedent after KAL 007

was struck by a Soviet missile (count three).

On May 12, 1992, Michael Kole, the surviving spouse and distributee of the decedent, filed a Motion for Intervention Pursuant to Rule 24(a) and (b) and/or Consolidation of All Pending Actions Regarding Michael Kole. After briefing, argument was held on May 29, 1992.

At the argument, plaintiffs opposed the intervention on the ground that they would be prejudiced by Dr. Kole's presence in the action. Plaintiffs requested the opportunity to submit an affidavit to support their claim of prejudice. Plaintiffs further requested that the affidavit be submitted *in camera* and for the court to determine whether defendant should be permitted access to the affidavit. The court granted plaintiffs' requests and directed plaintiffs to serve a copy of the affidavit upon Dr. Kole's counsel pursuant to an order of confidentiality.

On June 10, 1992, the court received two affidavits from plaintiffs supporting their claim of prejudice. Since the court considered the affidavits more prejudicial than probative, the court ordered that the two affidavits would remain under seal until June 25, 1992. On June 24, 1992, Dr. Kole, filed a Reply Memorandum to the affidavits and a Proposed Amended Complaint.

*Motion for Intervention and/or Consolidation*

In his Motion for Intervention Pursuant to Rule 24(a) and (b), Dr. Kole asserts that Ms. Zicherman, as executrix of the estate of Muriel A.M.S. Kole, cannot properly and adequately advance the interests of Dr. Kole. From his Proposed Amended Complaint, the court understands that he seeks to add claims in his individual capacity against Korean Airlines on all three counts—for pecuniary losses he sustained due to the decedent's death and for grief and mental anguish he experienced (counts one and two) and for the conscious pain and suffering endured by the decedent after KAL 007 was struck by a Soviet missile (count three).

A. Intervention of Right.

Rule 24(a) states in pertinent part:

**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.Pro. 24(a).

■ The court sees no basis for Dr. Kole to intervene pursuant to Rule 24(a). Dr. Kole filed two separate actions in the Northern District of California against Korean Airlines, No. 83–4038 and 83–4049. Certainly Dr. Kole could have raised in one of those cases any claim for pecuniary losses he sustained due to the decedent's death and for grief and mental anguish he experienced (counts one and two in this case). In any event, the disposition of this case will not impede or impair Dr. Kole's ability to protect any such interest since Dr. Kole's claims for pecuniary losses and grief and mental anguish are particular to him and separate from such claims brought by Ms. Zicherman and Ms. Mahalek.

■ Furthermore, Dr. Kole does not have standing to bring a claim individually for the conscious pain and suffering endured by the decedent after KAL 007 was struck by a Soviet missile (count three). Such a claim can only be raised by the decedent's estate. Should the estate recover any damages, Dr. Kole may have a claim against the estate as a distributee; however, such a claim would belong in New York Surrogate's Court, not this court.

■ Dr. Kole has argued that he does not believe that Ms. Zicherman, as executrix of the decedent's estate, will adequately represent his interests as a distributee of the estate. However, the court sees no basis for such a belief. It is surely in Ms. Zicherman's interest to vigorously pursue the estate's claim. In the least Ms. Zicher-

man will want to maximize the estate's recovery for the benefit of her mother, Ms. Mahalek, another distributee under the will. Additionally, the estate undoubtedly has bills and administrative costs which Ms. Zicherman will want to ensure are covered. Therefore, the court finds that Dr. Kole's interest as a distributee will adequately be represented by the existing parties.

B. Permissive Intervention.

Rule 24(b) states in pertinent part:

**(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.Pro. 24(b).

■ There is no doubt that Dr. Kole's claims for pecuniary losses he sustained due to the decedent's death and for grief and mental anguish he experienced raise questions of law and fact in common with counts one and two in this case. However, from the affidavits submitted by plaintiffs to support their claim of prejudice, the court can see that permitting Dr. Kole to intervene will unduly prejudice the claims brought by Ms. Zicherman and Ms. Mahalek. Thus, in its discretion, the court denies intervention pursuant to Rule 24(b).

C. Consolidation

■ The court also denies Dr. Kole's Motion for Consolidation of All Pending Actions Regarding Michael Kole. Rule 42(a) confers discretion upon the trial court to determine whether consolidation is appropriate. For the reasons explained above, the court sees no basis for Dr. Kole's motion for consolidation.

SO ORDERED.

ORDER

On May 12, 1992, Michael Kole, the surviving spouse and distributee of the decedent, filed a Motion for Intervention Pursuant to Rule 24(a) and (b) and/or Consolidation of All Pending Actions Regarding Michael Kole. After briefing, argument was held on May 29, 1992. On June 10, 1992, plaintiffs filed two affidavits *in camera* to support their claim that they would be prejudiced by Dr. Kole's presence in the action. On June 11, 1992, the court ordered that those affidavits would remain under seal until today. On June 24, 1992, Dr. Kole filed a Reply Memorandum to the affidavits and a Proposed Amended Complaint.

Pursuant to a Memorandum Opinion filed concurrently with this Order, it is hereby

ORDERED that Dr. Kole's Motion for Intervention Pursuant to Rule 24(a) and (b) and/or Consolidation of All Pending Actions Regarding Michael Kole is denied; and it is further

ORDERED that the two affidavits currently under seal will remain under seal.

SO ORDERED.