92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael KOLE, individually and as heir of Muriel Kole,
deceased, Plaintiff-Appellee,
v.
KOREAN AIR LINES CO., LTD., Defendant-Appellant.
 No. 95-15117.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1996.
Decided Aug. 2, 1996.
 
 1
 Before: SCHROEDER, LEAVY, Circuit Judges and TRIMBLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This appeal arises out of the Korean Air Lines ("KAL") disaster of September 1, 1983. The appellee, Michael Kole, is the husband of crash victim Muriel A.M.S. Kole. Muriel Kole's sister, Marjorie Zicherman, is the personal representative for Muriel Kole's estate. Zicherman initially filed a wrongful death action in the Southern District of New York. See In re Korean Air Lines Disaster of Sept. 1, 1983, 807 F.Supp. 1073 (S.D.N.Y.1992). Kole moved to intervene in the Zicherman action. The district court denied the motion, Zicherman v. Korean Air Lines, Inc., 146 F.R.D. 61 (S.D.N.Y.1992), and Kole did not appeal.
 
 
 4
 Instead, Kole filed his own wrongful death suit in the Northern District of California. Kole proceeded under the Convention for the Unification of Certain Rules Relating to International Transportation by Air, done at Warsaw, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876, reprinted in, 49 U.S.C.App. § 1502 note ("Warsaw Convention") and the Death on the High Seas Act, § 1 et seq., 46 U.S.C.A. § 761 et seq. ("DOHSA"). KAL moved for summary judgment on the ground that Kole lacked standing under DOHSA because he was not the personal representative for his wife's estate. See 46 U.S.C. § 761. The district court denied the motion and the case proceeded to trial. The jury awarded Kole damages, and KAL filed this appeal.
 
 
 5
 We hold that the district court erred in denying KAL's motion for summary judgment. Our decision is guided by the Supreme Court's decision in Zicherman v. Korean Air Lines Co. Ltd., 116 S.Ct. 629 (1996), which arose from the wrongful death action in New York, from which Kole was excluded. In Zicherman, the Supreme Court explained that the Warsaw Convention defers "substantial questions of who may bring suit and what they may be compensated for" to the domestic law of the contracting states. 116 S.Ct. at 634-35. Further, DOHSA provides the relevant substantive domestic law. Id. at 637. Under DOHSA, only the personal representative of the decedent may bring a wrongful death action. 46 U.S.C. § 761; see Alcabasa v. Korean Air Lines Co., Ltd., 62 F.3d 404, 407 (D.C.Cir.1995). Thus, Kole should not have been able to pursue this action.
 
 
 6
 Kole argues that he should be permitted to bring a DOHSA suit even though he is not the personal representative because he and Zicherman had a conflict of interest. Such an exception to DOHSA's personal representative requirement has never been recognized in this circuit, although the 5th Circuit has recognized a similar exception in Jones Act cases. See Smith v. Clark Sherwood Oil Field Contractors, 457 F.2d 1339 (5th Cir.), cert. denied, 409 U.S. 980 (1972) (wife and legitimate children could intervene in Jones Act case because personal representative could not represent them and illegitimate child without conflict of interest). Even assuming, arguendo, that this Circuit would recognize the exception Kole urges, Kole identifies nothing in the record that demonstrates a clear conflict of interest between him and Zicherman.
 
 
 7
 Kole's inability to bring a DOHSA action does not leave him without recourse. Under DOHSA, the personal representative holds any recovery in trust for the benefit of the decedent's relatives and dependents. DOHSA § 1, 46 U.S.C. § 761; see generally Chicago, B. & O. R. Co. v. Wells-Dickey Trust Company, 275 U.S. 161, 163 (1927). If Zicherman had a conflict of interest that prevented her from fulfilling her duties as trustee, Kole may have remedies against her in state court.
 
 
 8
 REVERSED AND REMANDED with instructions to DISMISS.
 
 
 
 *
 The Honorable James T. Trimble, Jr., United States District Court for Western Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3