Tonya **HELMAN** et al.

v.

**ALCOA GLOBAL FASTENERS, INC.** et al.

No. 2:09–cv–01353–SVW–SS.

United States District Court, C.D. California.

Dec. 15, 2011.

John P. Kristensen, O'Reilly & Collins, Kristine K. Meredith, Michael S. Danko, Nina Grigoryevna Shapirshteyn, Terry O'Reilly, The O'Reilly Law Firm, San Mateo, CA, for Tonya Helman et al.

Kevin R. Sutherland, Michael Hession, Clyde and Co. U.S., San Francisco, CA, Timothy John Ryan, The Ryan Law Group, Sacramento, CA, Stephen K. Brunk, Stephen K. Brunk Law Offices, La Jolla, CA, Gregory L Anderson, Dwyer Daly Brotzen and Bruno LLP, Darrell Padgette, James W. Hunt, Fitzpatrick & Hunt, Tucker, Collier, Pagano, Aubert, LLP, Los Angeles, CA, Rebekka R. Martorano, Timothy John Ryan, The Ryan Law Group, Sacramento, CA, Richard A. Lazenby, Condon and Forsyth, Los Angeles, CA, for Alcoa Global Fasteners, Inc. et al.

**Proceedings:** IN CHAMBERS ORDER Re DEFENDANTS' MOTION TO DISMISS [89]

STEPHEN V. WILSON, District Judge.

## I. INTRODUCTION

On January 23, 2009, Plaintiffs filed the instant action in Los Angeles Counter Superior Court. On February 25, 2009, Defendants timely removed the instant action to this Court. The case was initially assigned to Judge Margaret M. Morrow. On March 3, 2009, the case was reassigned to Judge A. Howard Matz. On March 12, 2009, the case was reassigned to this Court. The case arose out of a January 26, 2007 helicopter crash during military training exercises off of the California Coast during which all passengers were killed. Plaintiffs, the surviving heirs of the decedents, initially sued Defendants for: (1) Strict Product Liability; (2) Negligence; (3) Failure to Warn; (4) Breach of Warranty; (5) Wrongful Death; and (6) Survival Action. (Dkt. No. 1).

On June 16, 2009, 2009 WL 2058541 the Court granted Defendants' first Motion to Dismiss, holding that Plaintiff's state law claims were preempted by the federal Death on the High Seas Act ("DOHSA"). (Dkt. No. 64). The Court also certified that Order for immediate appeal pursuant to 28 U.S.C. § 1292(b) and stayed the case pending the outcome of that appeal. On May 3, 2011, the Ninth Circuit affirmed this Court's Order. (Dkt. No. 82).

At a status conference on October 24, 2011, the Court granted Plaintiff two weeks to file a new complaint. (Dkt. No. 84). On November 4, 2011, Plaintiffs filed their First Amended Complaint alleging causes of action for: (1) Negligence; (2) Failure to Warn; and (3) Breach of Warranties. (Dkt. No. 85). Defendants filed the instant Motion to Dismiss Plaintiff's FAC on November 18, 2011.

## II. FACTUAL ALLEGATIONS

Plaintiffs Tonya Helman, Victoria Will, and Kaitlin Dyer ("Plaintiffs") are the spouses and surviving heirs of decedents Corey Helman, Christopher Will and

Adam Dyer ("Decedents").[1] (FAC ¶¶ 7–9). Plaintiffs allege that, on or about January 26, 2007, Decedents were occupants on a Sikorsky MH–60S Knighthawk Helicopter (the "Helicopter") that crashed into the Pacific Ocean during military training exercises off of the California Coast. (FAC ¶ 12). Plaintiffs allege that the crash resulted from defects contained in the Helicopter, and that Defendants are strictly liable in tort to Plaintiffs for the fatal injuries sustained by Decedents. (FAC ¶¶ 13–14).

Defendants' Motion is GRANTED for the reasons set forth in this Order. The hearing scheduled for December 19, 2011 at 1:30p.m. is hereby VACATED.

### III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.; see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.2009) (citing *Iqbal*, 129 S.Ct. at 1951).

In reviewing a Rule 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party. *Daniel v. County of Santa Barbara*, 288 F.3d 375, 380 (9th Cir.2002). While a court does not need to accept a pleader's legal conclusions as true, the court reviews the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.2005).

The court may grant a plaintiff leave to amend a deficient claim "when justice so requires." Fed.R.Civ.P. 15(a)(2). "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his Complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990) (citing *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989)).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See DeSoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

### IV. DISCUSSION

As Defendants note, the instant Motion to Dismiss is nearly identical to the Motion

---

1. Plaintiffs attempt to sue Defendants in several capacities in their FAC: as spouses and surviving heirs, as successors in interest of Decedents' Estates, and in the case of Plaintiff Victoria Will, as Guardian ad Litem for Plaintiffs Bryce Will and Brittany Will, minor children of Decedent Christopher Will. (FAC ¶¶ 7–9).

that this Court granted in its June 16, 2009 Order. (Dkt. No. 64). Additionally, as noted above, the Ninth Circuit affirmed this Court's ruling that DOHSA applies to this case. *See Helman v. Alcoa Global Fasteners, Inc.,* 637 F.3d 986, 993 (9th Cir.2011). Plaintiffs' FAC contains claims identical to those that this Court and the Ninth Circuit have already found to be preempted by DOHSA. Furthermore, Plaintiffs have not attempted to plead a cause of action under DOHSA.

## A. DOHSA and Preemption

■ As the Ninth Circuit has noted, "DOHSA creates the cause of action for the decedent's immediate family; it limits recovery to pecuniary damages, eliminates any contributory negligence bar to recovery, and preserves the ability to bring claims under the law of another country." *Bowoto v. Chevron Corp.,* 621 F.3d 1116, 1123 (9th Cir.2010). "Due to DOHSA's comprehensive scope, the Supreme Court has determined the Act displaces other remedies and causes of action." *Id.* DOHSA "announces Congress' considered judgment on such issues as the beneficiaries, the limitations period, contributory negligence, survival, and damages." *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 625, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978). Where DOHSA "speaks directly to a question, the courts are not free to 'supplement' Congress' answer so thoroughly that the Act becomes meaningless." *Id.* "When the incident takes place outside the three-mile limit, DOHSA and DOHSA alone con-

trols." *Bodden v. American Offshore, Inc.,* 681 F.2d 319, 329 (5th Cir.1982). "By authorizing only certain surviving relatives to recover damages, and by limiting damages to the pecuniary losses sustained by those relatives, Congress provided the *exclusive recovery* for deaths that occur on the high seas." *Dooley v. Korean Air Lines Co., Ltd.,* 524 U.S. 116, 123, 118 S.Ct. 1890, 141 L.Ed.2d 102 (1998) (emphasis added). Accordingly, all of Plaintiffs' claims are preempted by DOHSA.

## B. DOHSA and Maritime Law

The Court agrees with Defendants that Plaintiffs' Opposition misconstrues the relationship between DOHSA and general maritime law. (Opp. at 4–6). As Defendants note, Plaintiffs' Opposition appears to argue that DOHSA incorporates general admiralty law principles into its statutory scheme, thus allowing Plaintiffs to essentially attach their state law causes of action to a DOHSA claim. For example, Plaintiffs quote *East River S.S. Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 864, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986) for the extremely broad proposition that, "with admiralty jurisdiction comes the application of admiralty law." (Opp. at 5). However, as Defendants note, the holding in *East River* is much narrower: "*Absent a relevant statute,* the general maritime law, as developed by the judiciary, applies." *East River,* 476 U.S. at 864, 106 S.Ct. 2295. DOHSA is such a statute.[2] *See, e.g. Executive Jet Aviation, Inc. v.*

**2.** As both Plaintiffs and Defendants note, DOHSA only contains a locality requirement: that the incident at issue must have occurred "on the high seas beyond 3 nautical miles from the shore of the United States." *Executive Jet Aviation,* 409 U.S. at 268, 93 S.Ct. 493. The Court thus agrees with Defendants that Plaintiffs' argument in their Opposition that helicopter accidents such as the one at issue in this case "satisfy the DOHSA threshold issue of being part of 'traditional maritime

activity'" is wholly irrelevant. (Opp. at 5). Likewise, Plaintiffs' citation to several cases that in no way mention, let alone discuss DOHSA have no bearing on this case. (*See Id.*) (citing *Sevits v. McKiernan–Terry Corp.,* 264 F.Supp. 810 (S.D.N.Y.1966)); *Sieracki v. Seas Shipping Co.,* 149 F.2d 98 (3d Cir.1945); *Pan–Alaska Fisheries, Inc. v. Marine Const. & Design Co.,* 565 F.2d 1129 (9th Cir.1977); *Sears, Roebuck & Co. v. Am. President Lines, Ltd.,* 345 F.Supp. 395 (N.D.Cal.1971).

*City of Cleveland,* 409 U.S. 249, 274 n. 26, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972).

### C. DOHSA and the Jones Act

Plaintiffs' Opposition refers to a "Jones Act DOHSA claim." (Opp. at 7). As Defendants note, there is no such thing. Rather, as the Ninth Circuit has recognized DOHSA and the Jones Act are two entirely separate and inconsistent statutory schemes. *See Bodden,* 681 F.2d at 330 n. 35. As noted above, a DOHSA claim belongs to the surviving relatives identified in the statute. *See* 46 U.S.C. § 30302; *Dooley,* 524 U.S. at 123, 118 S.Ct. 1890; 46 U.S.C. § 30104. The Jones Act provides a remedy to an injured or deceased "seaman" against the seaman's employer. *See* 46 U.S.C. § 30104; *Ribitzki v. Canmar Reading & Bates, Ltd. Partnership,* 111 F.3d 658 (9th Cir.1997). Plaintiffs have not and cannot plead that Decedents were "seamen" under the Jones Act.

### D. Standing to Bring a DOHSA Claim [3]

██ Defendants argue that Plaintiff lack standing to bring DOHSA claims. (Mot. at 4). In their FAC, Plaintiffs allege standing as "individuals," as "successors-in-interest" and through their "guardian ad litem." (FAC ¶¶ 7–10). As Defendants argue, only a "personal representative" of the deceased may bring a DOHSA claim for the exclusive benefit of the decedent's heirs. 46 U.S.C. 30302. As Defendants note, "a 'personal representative' is by definition a court-appointed executor or administrator of an estate, not merely an heir." *Alcabasa v. Korean Air Lines Co., Ltd.,* 62 F.3d 404, 407 (D.C.Cir.1995) (quoting *Briggs v. Walker,* 171 U.S. 466, 471, 19

S.Ct. 1, 43 L.Ed. 243 (1898)). As Defendants argue, without a concurrent allegation of court-appointment as personal representatives, Plaintiffs lack the capacity to bring a DOHSA claim.[4]

### V. CONCLUSION

Defendants' Motion is GRANTED for the reasons set forth in this Order. The hearing scheduled for December 19, 2011 at 1:30p.m. is hereby VACATED.

---

**3.** As Defendants reiterate in their Motion, Plaintiffs have not attempted to plead a DOHSA claim in their FAC even though both this Court and the Ninth Circuit held that Plaintiffs' state law claims were preempted by DOHSA.

**4.** Plaintiffs' argument that Defendants waived any objection to standing is incorrect. As Defendants note, the issue of standing was addressed in answers filed by Defendants Sikorsky and General Electric as well in a Rule 12(c) motion filed by Sikorsky.