Hazel CREDLE, et. al, Plaintiffs,

v.

UNITED STATES of America,
et al., Defendants.

Civil Action No. 11–cv–03610–AW.

United States District Court,
D. Maryland,
Southern Division.

Oct. 24, 2012.

Bernard Douglas Friedman, Friedman James and Buchsbaum LLP, New York, NY, Brian Keane, Kaplan Bond Group, Boston, MA, James D. Skeen, Skeen and Kauffman LLP, Baltimore, MD, for Plaintiffs.

Sarah Keast, U.S. Department of Justice, Civil Division, Jill Dahlmann Rosa, United States Department of Justice, Andrew David Kaplan, Tracy A. Roman, Crowell and Moring LLP, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALEXANDER WILLIAMS, JR., District Judge.

On October 4, 2012, the Court held a hearing to address Plaintiffs' Motion for Leave to Amend their Complaint, Doc. No. 76, Defendant United States of America's Motion for a More Definite Statement,

Doc. No. 69, and Plaintiffs' standing to bring this action. Counsel for Plaintiffs conceded that Hazel Credle was not a proper party to this action. Counsel argued, however, that Plaintiffs Stacy Greene[1] and Lynetta Jones were proper parties despite not being court-appointed personal representatives, and cited case law in support of their position. Counsel also represented that he had proof that Plaintiff Rocio Ramos was a court-appointed personal representative. The Court ordered Plaintiff Credle dismissed from the action, and granted Defendants' request to submit supplemental briefing within ten days to respond to Plaintiffs' arguments regarding Greene and Jones. The Court also ordered counsel for Plaintiffs to submit within five days clear proof to the Court that Ramos was a court-appointed personal representative, and directed Defendants to file a response stating its position as to whether Plaintiffs' proof was sufficient to confer standing on Ramos. *See* Order, Doc. No. 82.

■■■ The Court has reviewed Defendants' supplemental briefing, Doc. No. 85, as well as the briefs submitted with the pending motions, and concludes that Plaintiffs Greene and Jones do not have standing to bring this action. The Death on the High Seas Act ("DOHSA") provides that a decedent's personal representative may bring a civil action for wrongful death at sea:

> When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible. The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative.

46 U.S.C. § 30302. Neither the Fourth Circuit nor its district courts have analyzed the requirement that personal representatives bring suit, but other jurisdictions are in virtually unanimous agreement that a personal representative under DOHSA "is by definition a court-appointed executor or administrator of an estate, not merely an heir." *Alcabasa v. Korean Air Lines Co., Ltd.,* 62 F.3d 404, 407 (D.C.Cir. 1995); *see also, e.g., Helman v. Alcoa Global Fasteners, Inc.,* 843 F.Supp.2d 1038, 1042 (C.D.Cal.2011); *In re Air Crash Disaster off Coast of Nantucket Island,* No. MD–00–1344 (BMC), 2010 WL 1221401, at *4–5 (E.D.N.Y. Mar. 29, 2010); *Daigle v. Bell Helicopter Textron,* No. 86–2536, 1987 WL 14655, at *1 (E.D.La. Nov. 5, 1987). Congress clearly determined that *only* a personal representative may bring a DOHSA wrongful death suit. *See, e.g., Alcabasa,* 62 F.3d at 407; *Futch v. Midland Enters., Inc.,* 471 F.2d 1195, 1196 (5th Cir.1973). A beneficiary may *intervene* in the personal representative's suit where a conflict of interest is alleged to exist, but the beneficiary does not have standing to file a DOHSA wrongful death suit in a separate proceeding. *See, e.g., Kole v. Korean Air Lines Co., Ltd.,* 92 F.3d 1192 (unpublished), 1996 WL 436514, at *1 (9th Cir. Aug. 2, 1996); *Cao v. Nguyen,* No. 92–1669, 1992 WL 373563, at *1 (E.D.La. Dec. 7, 1992).

■■■ Greene and Jones are not court-appointed personal representatives, are not intervening in a suit brought by a personal representative, and the cases cited by Plaintiffs do not persuade the Court that Greene and Jones have standing. Plaintiffs cite *Francis v. Forest Oil Corp.,*

---

**1.** The First Amended Complaint spelled the name "Green," Doc. No. 67, while the proposed Second Amended Complaint spelled the name "Greene," Doc. No. 76–1.

628 F.Supp. 836, 837–38 (W.D.La.1986), in which the district court concluded in a DOHSA action that because a beneficiary with a conflict of interest could intervene in the personal representative's suit, the beneficiary was also permitted to bring a separate suit. Although *Francis* may support Plaintiffs' position, the Fifth Circuit rejected its reasoning in *Calton v. Zapata Lexington,* 811 F.2d 919, 921 (5th Cir. 1987), another case cited by Plaintiffs. The *Calton* court held that "Congress chose to protect seamen's employers by funneling all suits through a single personal representative" and that "precedent . . . weighs against allowing beneficiaries to sue in a separate proceeding." *Id.* at 921–22. Although the *Calton* court addressed a suit under the Jones Act, its reasoning is equally applicable to DOHSA actions and it explicitly rejected the reasoning of the *Francis* court.

Plaintiffs also cite *Czaplicki v. The Hoegh Silvercloud,* 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956), in support of Greene's and Jones's standing. The Court fails to see how *Czaplicki* supports Plaintiffs' position. *Czaplicki* addressed whether an injured longshoreman could bring suit against third parties even though he had already received compensation for his injuries pursuant to the Longshoreman's and Harbor Workers' Compensation Act. *Id.* at 526–534, 76 S.Ct. 946. Furthermore, the holding in *Czaplicki* was effectively mooted by subsequent amendments to the relevant statute. *See Rodriguez v. Compass Shipping Co. Ltd.,* 617 F.2d 955, 960–61 (2d Cir.1980). Plaintiffs also cite *Petition of Sandra & Dennis Fishing Corp.,* 209 F.Supp. 835 (D.Mass.1962), a fifty-year-old decision which, relying in part on *Czaplicki,* held that a beneficiary who has a conflict of interest with the personal representative could maintain a separate suit under the Jones Act. Like *Francis,* this opinion and its reasoning have been unanimously rejected in light of *Calton* and other recent precedent, cited *supra.* Accordingly, Plaintiffs Greene and Jones will be dismissed from this action for lack of standing.

■ With respect to Rocio Ramos, Plaintiffs submitted a copy of a judgment from the Superior Court of New Jersey showing that Ramos is the court-appointed personal representative of decedent Jorge Ramos. Doc. No. 83. Defendants acknowledge that based on this judgment, it appears that Ramos has standing to assert a claim under DOHSA. Doc. No. 84. However, Defendants note that Ramos has not identified the beneficiaries on whose behalf her claim is brought, and renew their request, first set forth in the United States' Motion for a More Definite Statement, that Ramos be required to identify all beneficiaries on whose behalf she brings her claim. It appears to the Court that the requested information may be relevant and Ramos should provide it to Defendants through discovery. The Court is satisfied, however, that Ramos has standing, and the United States' Motion for a More Definite Statement will be denied. Plaintiffs' Motion for Leave to Amend their Complaint with respect to Ramos will also be denied as moot, given that Ramos has provided proof that she is a court-appointed personal representative.[2]

Accordingly, it is, this ***24th day of October, 2012,*** by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1) Plaintiffs Stacy Greene and Lynetta Jones are hereby **DISMISSED** from this action;

---

**2.** Both Motions with respect to Credle, Greene, and Jones are also denied as moot.

2) Defendant United States of America's Motion for a More Definite Statement, Doc. No. 69, is **DENIED;**

3) Plaintiffs' Motion for Leave to Amend, Doc. No. 76, is **DENIED;**

4) The Court will issue a Scheduling Order as to the remaining parties; and

5) The Clerk shall transmit this Order to all counsel of record.